UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
DOMINICK VOLINO, JOHN PLOTTS,
KEVIN LUKASIK, LORENZO COSTA,
ZACHARY GOODIER, and JAMES ENGLAND
on behalf of themselves and all
others similarly situated.

    Plaintiffs,

        -v-                                       Civil Action No. 1:21-cv-6243-LGS

PROGRESSIVE CASUALTY INSURANCE
COMPANY, PROGRESSIVE ADVANCED
INSURANCE COMPANY,
PROGRESSIVE MAX INSURANCE
COMPANY, and PROGRESSIVE SPECIALTY
INSURANCE COMPANY,

    Defendants.
---------------------------------------------------------

## [~~PROPOSED~~] ORDER AUTHORIZING REMOTE DEPOSITIONS

Plaintiffs John Plotts, Kevin Lukasik, Lorenzo Costa, Zachary Goodier, and James England ("Plaintiffs") and Defendants Progressive Casualty Insurance Company, Progressive Advanced Insurance Company, and Progressive Specialty Insurance Company ("Defendants," collectively with Plaintiffs, the "Parties") have expressed a strong preference to conduct in-person depositions in this litigation, but delayed office reopenings and social distancing restrictions in various jurisdictions triggered by the ongoing COVID-19 pandemic may sometimes preclude this option. Pursuant to Fed. R. Civ. P. 30(b)(4), this Court hereby authorizes the use of remote depositions by videoconference ("Videoconference Deposition") in this action, and now issues the following protocol to govern any depositions conducted by remote videographic means.

1. Any Videoconference Deposition taken pursuant to this Order must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed

or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

2. All deposition notices must identify Veritext Legal Solutions as the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized. The party noticing the deposition will use best efforts to provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least twenty-four hours before the deposition.

3. To host a remote deposition, the Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

4. At least 24 hours before the Videoconference Deposition is scheduled to start, counsel for the witness, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). If a witness noticed for a

       Videoconference Deposition does not have a webcam-equipped tablet, desktop, or laptop computer that can be used during the deposition, counsel representing the witness must provide the deponent with an agreed-upon tablet containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition.

5. At the time of the deposition, the witness must advise the court reporter of his or her physical location.  The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness.  To avoid any potential disruptions of a Videoconference Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications.  The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record.  Other attendees should mute microphones when not speaking.  The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition.  The participating attorneys may be visible to all other participants during the deposition.

6. If the party noticing the deposition requests video recording, a videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony, by the best technological means available, including remote video capture/recording.  The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition.  With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded

electronically without the consent of the Parties. The videographer must only record (1) the audio and video of the witness's testimony; (2) the video of any documents being displayed or annotated for the witness during the deposition; and (3) the audio of the questioning and defending attorneys. The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

7. During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits may be made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing software, or other electronic means. If a party chooses to submit hardcopy exhibits in a sealed envelope, the witness and his/her counsel may not break the seal until instructed to do so at the deposition on the record. For exhibits made available through electronic means, a witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. Access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop, or other devices, will be deemed to equate to hardcopy access. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

8. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or

email exchanges with the witness). In addition, if a deposition is proceeding remotely pursuant to this order, no counsel is permitted to be in the same room as the witness during the deposition examination. However, the witness's counsel may communicate with the witness telephonically or by other electronic means during breaks, consistent with Federal Rule of Civil Procedure 30(c)(1).

9. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

10. Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person.

**SO ORDERED**, on this  6th  day of  January, 2022.

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**