UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINICK VOLINO and JOHN PLOTTS,
On behalf of themselves and all
others similarly situated.

    Plaintiffs,

              -v-                                  Case No. 21 Civ. 6243 (LGS)(SDA)

PROGRESSIVE CASUALTY INSURANCE
COMPANY, PROGRESSIVE ADVANCED
INSURANCE COMPANY, AND
PROGRESSIVE MAX INSURANCE
COMPANY,

    Defendants.
------------------------------------------------------------X

# FIRST AMENDMENT TO STIPULATED CONFIDENTIALITY ORDER

**THE PARTIES HAVE STIPULATED AND AGREED, AND THE COURT THEREFORE ORDERS THAT:**

    1.    Plaintiffs have issued a subpoena to non-party J.D. Power that seeks to have J.D. Power produce the data that underlies the calculation of the Projected Sold Adjustment ("PSA") that is at issue in this Action (the "PSA Underlying Data"). J.D. Power has objected to the production of the PSA Underlying Data because the data requested is proprietary, highly confidential, and precluded from disclosure by J.D. Power's contracts with auto dealers around the country who provide certain components of the PSA Underlying Data to J.D. Power. J.D. Power contends that, in addition to potentially causing breaches of contracts with its dealers, that the disclosure of the PSA Underlying Data could cause significant harm to J.D. Power by making publicly available the data that provides J.D. Power with a competitive advantage.

    2.    To facilitate the production of the PSA Underlying Data, this Order amends the Stipulated Confidentiality Order (Dkt. 45) as follows.

3. J.D. Power may produce the PSA Underlying Data with the label "Highly Confidential – Outside Counsel's Eyes Only" ("Highly Confidential Material"). For purposes of this Amendment, "Highly Confidential Material" includes data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that includes the PSA Underlying Data, as well as (1) any information copied or extracted from Highly Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Highly Confidential Material; and (3) any oral, written, or electronic communications, testimony, or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Highly Confidential Material.

4. Highly Confidential Material shall be used only for the prosecution or defense of this Action, including discovery, trial, and/or hearings and preparation for same, and for no other purpose, except as may be required by law. Highly Confidential Material shall not be used in the prosecution or defense of matters other than this Action. The Parties to this Action expressly agree that the Highly Confidential Material may not be used to attempt to identify the parties to any particular transaction that is included in the Highly Confidential Material.

5. Highly Confidential Material shall not be revealed or disclosed except to:

    a. The persons identified in Paragraph 4(a), 4(d), 4(e), and 4(f) of the Confidentiality Order;

    b. Outside counsel of record in this Action, other attorneys employed by their firms, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute the Confidentiality Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Confidentiality Agreement); and

    c. Any J.D. Power witness or counsel.

6. Persons entitled to access Highly Confidential Material shall not disclose such Highly Confidential Material to any person or entity other than those entitled to access as provided in this Confidentiality Order. The remainder of Paragraph 5 of the Confidentiality Order shall not apply to Highly Confidential Material.

7. If Highly Confidential Material is used and disclosed at a deposition, subject to court approval where necessary, any person or entity, its officers, employees, and agents not entitled to Highly Confidential Material shall be precluded from attending that portion of the deposition in which Highly Confidential Material shall be used and disclosed. In addition, the portion of the deposition transcript containing the Highly Confidential Material shall not be disclosed to any person or entity, its officers, employees, or agents not entitled to access said Confidential Material.

8. If any Highly Confidential Material is discussed during a deposition, the transcripts of the depositions, and exhibits thereto, shall, in their entirety, be treated as Highly Confidential Material for a period of 30 days after such transcripts are actually received by counsel for each of the parties and counsel for J.D. Power. During that 30-day period, portions of deposition transcripts, and exhibits thereto, may be designated as Highly Confidential Material pursuant to the terms of this Confidentiality Order by notifying all counsel in this Action writing. Portions of the deposition record reflecting such Highly Confidential Material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Confidentiality Order.

9. A party that intends to present or anticipates that another party may present Highly Confidential Material at a hearing or trial shall bring that issue to the attention of the Court, the other parties to this Action, and outside counsel for J.D. Power by motion reasonably in advance

of the hearing or trial without disclosing the Highly Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents, material, or information at a hearing or trial.

10. Paragraphs 10, 11, 12, 16, and 17 apply to Highly Confidential Material in the same manner that they apply to Confidential Material. No portions of the Confidentiality Order except those identified herein shall apply to the Highly Confidential Material.

| CARNEY BATES & PULLIAM, PLLC | KING & SPALDING LLP |
|---|---|
| Hank Bates (admitted pro hac vice)<br>Tiffany Oldham (admitted pro hac vice)<br>Lee Lowther (admitted pro hac vice)<br>Jake G. Windley (admitted pro hac vice)<br>519 W. 7th St.<br>Little Rock, AR 72201<br>Phone: 501-312-8500<br>Fax: 501-312-8505<br>hbates@cbplaw.com<br>toldham@cbplaw.com<br>llowther@cbplaw.com<br>jwindley@cbplaw.com | James Matthew Brigman (admitted pro hac vice)<br>Jeffrey S. Cashdan (admitted pro hac vice)<br>Zachary A. McEntyre (admitted pro hac vice)<br>Allison Hill White (admitted pro hac vice)<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Phone: 404-572-4600<br>Fax: 404-572-5100<br>mbrigman@kslaw.com<br>jcashdan@kslaw.com<br>zmcentyre@kslaw.com<br>awhite@kslaw.com |
| Thomas M. Mullaney (TM-4274)<br>THE LAW OFFICE OF THOMAS M. MULLANEY<br>530 Fifth Ave—23 Floor<br>New York, NY 10036<br>Phone: 212-223-0800<br>Fax: 212-661-9860 | Laura E. Harris<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036-4003<br>Phone: 212-556-2100<br>Fax: 212-556-2222<br>lharris@kslaw.com |
| Andrew J. Shamis (NY #5195185)<br>Mariam Grigorian (admitted pro hac vice)<br>SHAMIS & GENTILE, P.A.<br>14 NE First Avenue, Suite 705<br>Miami, Florida 33132<br>Phone: 305-479-2299<br>ashamis@shamisgentile.com<br>mgrigorian@shamisgentile.com | Julia Constance Barrett (admitted pro hac vice)<br>KING & SPALDING LLP<br>500 W. 2d Street, Suite 1800<br>Austin, TX 78701<br>Phone: 512-457-2000<br>Fax: 512-457-2100<br>jbarrett@kslaw.com |

So Ordered.

Dated: January 25, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4

*Counsel for Defendants*

Rachel Dapeer (NY #4995130)
DAPEER LAW, P.A.
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
Phone: 305-610-5223
rachel@dapeer.com

Scott Edelsberg (pro hac vice forthcoming)
Christopher Gold (pro hac vice pending)
EDELSBERG LAW, PA
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
Phone: 305-975-3320
scott@edelsberglaw.com
chris@edelsberglaw.com

Jacob L. Phillips (pro hac vice pending)
NORMAND PLLC
3165 McCrory Place, Suite 175
Orlando, Florida 32803
Phone: 407-603-6031
Fax: 888-974-2175
jacob.phillips@normadpllc.com

*Counsel for Plaintiffs*

SO ORDERED, this ___ day of _____, 2022.

_____
Lorna G. Schofield
United States District Judge

## CONFIDENTIALITY ACKNOWLEDGEMENT AND AFFIRMATION

I acknowledge that I have read and understand the Confidentiality Order governing the confidentiality of data, documents, and information, which was entered into by and among Dominick Volino, John Plotts, Progressive Casualty Insurance Company, Progressive Advanced Insurance Company, and Progressive Max Insurance Company on [MONTH] [DAY], 202_, and entered as an Order of the Court on _____, 202_, in the matter of **Volino et al v. Progressive Casualty Insurance Company et al., Case No.: 1:21-cv-06243** in the **U.S. District Court for the Southern District of New York**.  I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential under the Confidentiality Order.  I will abide by the terms and provisions set forth in the Confidentiality Order and subject myself to the personal jurisdiction of this Court to enforce its terms.

Date:

Signature:

Name:

**EXHIBIT A**