

March 25, 2022

**Via ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Volino, et. al. v. Progressive Casualty Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

Pursuant to this Court's Individual Rule and Procedure III(A), Plaintiffs file this pre-motion letter seeking to extend the deadline to file a pre-motion letter addressing class certification, which is being filed concurrently with the instant letter brief. Defendants' Counsel has informed Plaintiffs' Counsel that Defendants will not take any position on the timing of filing the pre-motion letter.

      **I.**    **Factual Background**

On September 16, 2021, the Parties jointly filed a proposed Civil Case Management Plan, which included proposed deadlines related to class certification. Dkt. No. 30. This Court concurrently entered two separate orders, one of which addressed the class certification deadline, and the other of which addressed all other deadlines, including fact and expert discovery and summary judgment briefing. Dkt. Nos. 31-32. The deadline for any pre-motion letter addressing class certification was set for three weeks after close of fact discovery and two weeks prior to close of expert discovery. *Compare* Dkt. No. 31 at 1 (imposing Feb. 11, 2022, deadline for class certification pre-motion letter) *with* Dkt. No 32 at ¶ 8(a) (imposing Jan. 21, 2022, deadline for fact discovery), ¶ 9(b) (imposing March 7, 2022, deadline for expert discovery).

After a Report from the Parties regarding discovery and a request for extension of deadlines, this Court entered an amended Case Management Plan, extending the deadline for fact discovery to February 18, 2022, and the deadline for expert discovery to April 4, 2022. Dkt. No. 61 at ¶¶ 8(a), 9(b). As discovery proceeded, this Court, on February 14, 2022, ultimately entered the operative Case Management Plan, which imposed a deadline for completion of all fact discovery of March 9, 2022, and a deadline for expert discovery of May 20, 2022. Dkt. No. 83 at

¶¶ 8(a), 9(b), Dkt. No. 88 (extending deadline for completion of deposition on Topic 17 to March 9, 2022).

Because the deadline for a class certification pre-motion letter brief was separately entered from the Case Management Plan, it was not specifically addressed when this Court entered the amended Case Management Plans extending all other deadlines. Plaintiffs engaged in the fact and expert discovery process under the erroneous assumption that, as with all other deadlines, the class certification deadlines were concomitantly extended. After recent discussions, Plaintiffs realized that, because it was included in a separate order, the deadline to file the pre-motion letter addressing class certification had not been extended and had passed. Thus, Plaintiffs seek leave to file the pre-motion letter that they are concurrently filing today, which is in accord with the timeline previously contemplated by this Court as it is being filed 16 days after the close of fact discovery and nearly two months prior to the close of expert discovery.

## II. Legal Grounds for Relief

A party seeking to extend a Scheduling Order after a deadline has already expired must obtain the judge's consent and show good cause. Fed. R. Civ. P. 16(b)(4) (providing that a schedule may be modified "for good cause and with the judge's consent").[1] The primary consideration in determining whether a party has shown good cause to modify the scheduling order is "the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Courts can also consider other relevant factors, particularly whether allowing modification would prejudice the non-moving party. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Here, there is good cause to extend the class certification deadline and permit Plaintiffs to file the pre-motion letter. The Parties have been diligently pursuing extensive discovery. Namely, Plaintiffs have taken four depositions of Progressive witnesses, including a 30(b)(6) deposition, as well as corporate depositions from two non-parties. Plaintiffs have propounded discovery and received and analyzed thousands of documents. Plaintiffs have served two non-party subpoenas and received and analyzed numerous spreadsheets containing millions of fields of data, including hundreds of thousands of vehicle transactions. Plaintiffs have all sat for their individual depositions and have responded to discovery and produced hundreds of pages of documents. Plaintiffs have secured four expert witnesses and provided reports relevant to class certification and merits to Defendants, who are currently in the process of scheduling depositions of those experts.

Given recent Supreme Court law, particularly *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), it is clear that courts must engage in a "rigorous analysis" including of the merits of the claim. As a result, it is necessary to first engage in merits-based discovery prior to briefing the question of class certification—indeed, courts in this Circuit have made clear that "because of the 'rigorous analysis' required by *Dukes*, courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chow v. Sentosacare, LLC*, No. 19-CV-3541-FB-SJB, 2020 U.S.

---

[1] The deadline for the pre-motion letter addressing class certification was not included in the Scheduling Order entered by this Court. Nevertheless, because it is unclear what standard would apply if such deadline were not considered part of the Scheduling Order, Plaintiffs assume the Rule 16(b) standard applies.

Dist. LEXIS 20770, at *4-5 (E.D. N.Y. Jan. 23, 2020) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases)). Consistent with this jurisprudence, this Court originally scheduled the deadline to file the pre-motion letter addressing class certification to fall three weeks after close of fact discovery.

As such, it was necessary for Plaintiffs to conduct the discovery process and engage experts to analyze the relevant discovery prior to briefing class certification. Plaintiffs and their counsel have diligently engaged in the aforementioned extensive and exhaustive discovery and are now seeking to file the pre-motion letter addressing class certification within the time after close of fact discovery originally contemplated by this Court (i.e., less than three weeks close of fact discovery and nearly two months prior to close of expert discovery). This clearly constitutes good cause to extend the deadline for the class certification pre-motion letter.

Moreover, Defendants will suffer no prejudice if this Court grants the request. Indeed, it would be judicially inefficient to decline to extend the deadline. Doing so would mean a separate class action would follow in the footsteps of this action, and the parties would then engage in precisely the same discovery that has already occurred here, while the Parties in this case proceed to individual trials having engaged in costly and expansive discovery and engagement of experts.

### III.    Conclusion

For the reasons set forth herein—and because Defendants take no position on the timing of filing the premotion letter—Plaintiffs respectfully submit this Court should extend the class certification pre-motion letter deadline and grant Plaintiffs leave to file the pre-motion letter, which is being filed concurrently.

Respectfully submitted,

Hank Bates

cc: All Counsel of Record via ECF

Plaintiffs' application is untimely per Individual Rule I.B.2, but is nonetheless GRANTED. Plaintiffs' deadline to file a letter requesting a pre-motion conference on class certification is extended nunc pro tunc to **March 25, 2022**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 93.

Dated: March 28, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE