# Morgan Lewis

**Brian A. Herman**
Partner
+1.212.309.6909
brian.herman@morganlewis.com

March 31, 2022

<u>Via ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Volino, et al. v. Progressive Casualty Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

      We represent third-party subpoena respondents Mitchell International, Inc. ("Mitchell") and J.D. Power (collectively, "Third-Party Respondents") in connection with the above-referenced litigation. Pursuant to the Court's March 28, 2022 Order (Dkt. No. 97), Third-Party Respondents hereby submit this letter seeking to maintain under seal one excerpt and a related footnote from Plaintiffs' March 24, 2022 pre-motion letter (Dkt. No. 95), which contains Mitchell's and J.D. Power's commercially sensitive and proprietary business information obtained from documents produced by Third-Party Respondents in response to subpoenas and designated as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order entered on October 21, 2021 (Dkt. No. 45) and modified on January 25, 2022 (Dkt. No. 77).

      As explained herein, the requested redactions meet the standards for sealing set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Therefore, Third-Party Respondents respectfully request that the Court enter an order allowing Plaintiffs' pre-motion letter to be filed and maintained under seal, or that the pre-motion letter be redacted before filing, so as to preserve the confidentiality of Michell's and J.D. Power's respective proprietary business information.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060     ☎ +1.212.309.6000
United States     🖷 +1.212.309.6001

Hon. Lorna G. Schofield
March 31, 2022
Page 2

Third-Party Respondents have conferred with Defendants and Defendants join in Third-Party Respondents' request that the portions of Plaintiffs' pre-motion letter identified herein should be maintained in confidence and not disclosed publicly.[1]

### A. Plaintiffs' Sealing/Redacted Pre-Motion Letter

Third-Party Respondents narrowed the information that Plaintiffs seek to redact from their March 24 pre-motion letter as reflected in Exhibit A to this letter. Third-Party Respondents only seek to preserve confidentiality and therefore apply redactions to three consecutive sentences in Plaintiffs' pre-motion letter that describe in detail the methodology used by Third-Party Respondents for determining the Projected Sold Adjustment ("PSA") in connection with Mitchell's WorkCenter Total Loss ("WCTL") product and J.D. Power's proprietary data used for the PSA. See Ex. A (redactions at page 2, paragraph 2, lines 2-15 and footnote 2 (hereinafter collectively, the "Proposed Redactions")). Third-Party Respondents understand that the Court has received a copy of Plaintiffs' unredacted pre-motion letter for *in camera* review. Therefore, this letter refers to the Proposed Redactions only generally and without disclosing any specifics of the Proposed Redactions.

### B. Applying *Lugosch* Warrants Maintaining Confidentiality and Nondisclosure of the Proposed Redactions

While there is a "general presumption in favor of public access to judicial documents," courts in the Second Circuit follow a three-step process for determining whether documents should be sealed or redacted. *Collado v. City of N.Y.*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). First, the Court must determine whether "the documents at issue are judicial documents" to which the presumption of access attaches. *Lugosch*, 435 F.3d at 119 (internal quotation omitted). If the documents are indeed judicial documents, then the Court must determine the weight of the presumption. *Id*. Finally, after determining the weight of the presumption, the Court must "balance competing considerations against it," which include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (quotations and citation omitted).

Courts routinely seal documents to prevent the disclosure of a party's competitive and confidential business information. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17CV6559PGGKHP, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal contracts containing confidential information that risked competitive harm to the parties' business); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to

---

[1] Third-Party Respondents separately conferred with Plaintiffs who – despite having never raised an objection to Third-Party Respondents' confidentiality designations and after seeking leave from the Court to file their pre-motion letter under seal in accordance with the Stipulated Protective Order and modification thereto – now apparently object to their own proposed redactions.

those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship").

Here, any presumption of public access is overcome by the balance of the lack of benefit to the public and competitive harm to Third-Party Respondents from disclosure of the Proposed Redactions.

> 1. *The Proposed Redactions are Not "Judicial Documents" and Therefore the Presumptive Right of Access Is Not Triggered*

As a threshold matter, "the mere filing of a paper or document within the court is insufficient to render that paper a judicial document subject to the right of public access." *Collado*, 193 F. Supp. 3d at 289 (quoting *Lugosch*, 435 F.3d at 121)). Judicial documents must be "relevant to the performance of the judicial function and useful in the judicial process." *Collado*, 193 F. Supp. 3d at 289 (quotations and citation omitted). The Proposed Redactions are neither. The Proposed Redactions were obtained from documents issued during the course of third-party discovery and therefore lie outside the reach of the presumption of public access. *See U.S. v. HSBC Bank USA, N.A.*, 863 F.3d 125, 139 (2d Cir. 2017) ("[W]e have long recognized that documents 'passed between the parties in discovery lie entirely beyond the . . . reach' of the presumption of public access."). And they pertain to proprietary data—including methodology, characteristics, and statistical properties of the data—that is of no use to the Court in evaluating Plaintiffs' pre-motion letter which purports to set forth the legal grounds for Plaintiffs' class certification motion.

The Proposed Redactions are not relevant to the performance of the judicial function in this case. As such, "the need for the public monitoring of federal courts" – which is the basis for the presumption of access to judicial records, *Lugosch*, 435 F.3d at 119, 123 – does not even come into play. *See Collado*, 193 F. Supp. 3d at 289. On this basis alone, the Court should maintain confidentiality and prevent public disclosure of the Proposed Redactions.

> 2. *Very Little (If Any) Weight Is Due on the Presumption of Access*

Even assuming the presumption of access exists, the presumption is weak because disclosure of the Proposed Redactions will not enhance the public understanding of any Court order on Plaintiffs' pre-motion letter regarding the legal grounds for class certification. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2021 WL 4135007, at *5 (S.D.N.Y. Sept. 10, 2021) (granting motion to redact certain material where the "presumption of public access is weaker . . . because the public would still be able to understand the Court's rationale for its decision").

Plaintiffs' pre-motion letter describes that the Defendant Progressive entity allegedly employed insurance policy forms containing materially identical language for all New York insureds during the relevant time period, and Progressive allegedly implemented uniform business practices and procedures for evaluating all insureds total loss claims. According to Plaintiffs, when an insured submitted a total loss claim to Progressive that Progressive determined was a total loss, Progressive used a Mitchell report as part of its process for settling total loss claims. The Court need not disclose the specific, competitively sensitive portions of Plaintiffs' pre-motion letter – which appear in the summary section of Plaintiffs' letter – for the public to understand whether or not the proposed class

Hon. Lorna G. Schofield
March 31, 2022
Page 4

members satisfy the preliminary requirements for class certification. Accordingly, the presumption of access does not apply, or otherwise deserves very little weight at all.

### 3. Competitive Considerations Strongly Outweigh Presumptive Disclosure

In any event, any possible weight given to the presumption of access is readily overcome by the countervailing risk of competitive harm to Third-Party Respondents if the Proposed Redactions are disclosed to the public. As explained above, Third-Party Respondents seek to redact only certain portions of Plaintiffs' pre-motion letter. *See* Ex. A. These proposed narrowly tailored redactions protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Mitchell's competitors. That is because this information consists of "trade secrets" that, if disclosed, will "provide valuable insights into [Mitchell's] and [J.D. Power's] current business practices that a competitor [could] seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing).

The Proposed Redactions disclose specifics about how Third-Party Respondents calculate the PSA – information that is not available to Third-Party Respondents' competitors and/or customers. The Proposed Redactions also include calculations by Plaintiffs' proposed expert that are based on J.D. Power's proprietary data, which was produced under a "Highly Confidential – Outside Counsel's Eyes Only" designation because (i) J.D. Power is contractually bound with respect to how this data can be disclosed; and (ii) the data is not available to either Third-Party Respondents' competitors (*i.e.*, other companies that market software for calculating the value of total loss vehicles) or Mitchell.

Courts in this Circuit have routinely allowed the sealing of similar information because it poses a risk of competitive harm that "outweighs the presumption of public access." *See, e.g.*, *Allegra v. Luxottica Retail N. Am.*, No. 17-CV-05216, 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (holding "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of the risk of competitive harm if disclosed); *Stegmann v. Wolin*, No. 21-CV-1717, 2021 WL 1838219, at *6-*7 (E.D.N.Y. May 7, 2021) (sealing "confidential business, operational and marketing strategies" information because the harm from its disclosure "outweighs the presumption of public access"); *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-CV-147, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (allowing sealing of various documents containing information relating to "design, manufacturing and supplying processes, and pricing").[2]

---

[2] *See also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-*12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly

Hon. Lorna G. Schofield
March 31, 2022
Page 5

The Court should follow these well-reasoned decisions here and determine that the Proposed Redactions should be maintained in confidence and not disclosed publicly because the serious risk of competitive harm to Third-Party Respondents outweighs the presumption of public access.

Please do not hesitate to contact me with any questions.

Respectfully submitted,

/s/ Brian A. Herman

Brian A. Herman

Cc: All Counsel of Record via ECF
Scott T. Schutte via email (scott.schutte@morganlewis.com)
Staci M. Holthus via email (staci.holthus@morganlewis.com)

Application GRANTED. The letter at Dkt. No. 96 shall remain under seal. At this stage, Third-Party Respondents' unsworn representations that the redacted information is competitively sensitive will be credited, and will overcome the relatively weaker presumption of public access that attaches to a pre-motion letter as compared to, for example, a motion for class certification. Respondents are cautioned, however, that factual representations about the competitively sensitive nature of redacted information ordinarily should be supported by evidence, and that whether a strong presumption of public access attaches to a document as a "judicial document" depends on the character of the document itself and its relevance to the judicial function, not on the sources from which any redacted material is derived. It is irrelevant that the redacted material is derived from documents exchanged in discovery, as that is true of virtually all information within judicial documents that a party would seek to redact. It is also not highly relevant how Respondents designated the documents under the confidentiality order when producing them. While the redacted information is not critical to judicial decision-making concerning the pre-motion letter, the same may not be true of the contemplated motion for class certification, or a potential future motion for summary judgment.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 94 and 102.

Dated: April 1, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").