Third-Party Respondents' motion is GRANTED for substantially the reasons stated in their letter.  While the CAC is a judicial document subject to the presumption of public access, the allegations that Third-Party Respondents seek to maintain under seal contain details that are only minimally helpful to the public in understanding the parties' dispute at this stage, so the presumption of public access is due relatively little weight.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The weight due to the same presumption as to the same information may be different in the future should those facts become central to "the exercise of Article III judicial power." *Id.* at 119.  The presumption of public access is overcome here because the redactions that Third-Party Respondents seek to maintain are narrowly tailored to serve the competing interest in protecting the confidentiality of non-parties' competitively sensitive information. *Id.* at 120.  However, to the extent the proposed redactions in Exhibit C to Third-Party Respondents' letter are broader than those actually redacted in the publicly-filed CAC, the unredacted portions of the CAC (Dkt. No. 115) will remain publicly available unless Third-Party Respondents seek further relief.

The Clerk of Court is respectfully directed to maintain the Amended Complaint at Dkt. No. 111 under seal, and to close the motions at Dkt. Nos. 110 and 119.

Dated: April 25, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *Volino, et al. v. Progressive Casualty Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

We represent third-party subpoena respondents Mitchell International, Inc. ("Mitchell") and J.D. Power (collectively, "Third-Party Respondents") in connection with the above-referenced litigation.  Pursuant to the Court's April 18, 2022 Order (Dkt. No. 117), Third-Party Respondents hereby submit this letter seeking to maintain under seal Plaintiffs' allegations identified herein from Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") (Dkt. No. 112), which references, discusses, and/or is derived from Mitchell's and J.D. Power's commercially sensitive and proprietary business information obtained from documents and 30(b)(6) deposition testimony pursuant to subpoenas and designated as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order entered on October 21, 2021 (Dkt. No. 45) and modified on January 25, 2022 (Dkt. No. 77).[1]

---

[1] As used in the Stipulated Protective Order, "Confidential" information includes material "(a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."  (Dkt. No. 45, ¶ 1.)

The First Amendment to the Stipulated Confidentiality Order provides "Highly Confidential – Outside Counsel's Eyes Only," material includes "data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that includes the PSA Underlying Data, as well as (1) any information copied

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309-6000
🖷 +1.212.309.6001

Hon. Lorna G. Schofield
April 22, 2022
Page 2

As explained herein, the requested redactions meet the standards for sealing set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Therefore, Third-Party Respondents respectfully request that the Court enter an order allowing Plaintiffs' CAC to be redacted before filing, so as to preserve the confidentiality of Mitchell's and J.D. Power's respective proprietary business information. In further support, Third-Party Respondents attach as <u>Exhibit A</u> the Declaration of Scott T. Schutte ("Schutte Declaration") and as <u>Exhibit B</u> the Declaration of Philip Kroell ("Kroell Declaration").

Third-Party Respondents have conferred with Defendants and Defendants join in Third-Party Respondents' request that the portions of Plaintiffs' CAC identified herein should be maintained in confidence and not disclosed publicly. Schutte Decl. ¶ 20. Third-Party Respondents separately conferred with Plaintiffs, who refused to take a position on whether they agreed with the redactions. *Id.* ¶ 21. Specifically, Plaintiffs said they "prefer [Third-Party Defendants] remain silent on [Plaintiffs'] position of whether the allegations you've identified should remain under seal" because they "cannot provide an informed position on whether the information in those allegations meets the test for being restricted from public view." *See id.* ¶ 21, Ex. 1.

## I.    Pertinent Background

In this litigation, in which Mitchell and J.D. Power are not named parties, each company has produced a substantial amount of highly sensitive, confidential, and proprietary business material in response to document subpoenas issue by Plaintiffs. Mitchell has made at least eight productions consisting of nearly 2,000 pages of documents in addition to producing multiple rounds of data. *See* Schutte Decl. ¶¶ 4-7. J.D. Power has similarly produced numerous pages of documents and more than 10 million lines of data records. *Id.* ¶¶ 8-13. In addition, Third-Party Respondents' respective corporate representatives collectively gave more than 12 hours of deposition time on the record. *Id.* ¶¶ 15-19.

In sum, Third-Party Respondents spent significant time and resources to answer what was asked of them in a case in which they are not named defendants. And they did so relying on the Stipulated Protective Order and amendment thereto that afforded Mitchell and J.D. Power confidentiality protections for their respective document productions and deposition testimony – with Plaintiff never once challenging any such confidentiality designation. Now, Plaintiffs have inexplicably filed a "consolidated amended complaint" that (in a notice pleading regime) would put into the public record some of Third-Party Defendants' confidential and proprietary information.

## II.    Plaintiffs' CAC

By this filing, Third-Party Respondents seek to preserve confidentiality for a small number of allegations from Plaintiffs' CAC as reflected in <u>Exhibit C</u> to this letter. All are designated Confidential or Highly Confidential – Outside Counsel's Eyes Only under the Stipulated Protective Order and amendment thereto. And all involve Mitchell's and J.D. Power's commercially sensitive

---

or extracted from Highly Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Highly Confidential Material; and (3) any oral, written or electronic communications, testimony, or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Highly Confidential Material." (Dkt. No. 77, ¶ 3.)

Hon. Lorna G. Schofield
April 22, 2022
Page 3

and proprietary business information produced pursuant to document production and deposition subpoenas.

Importantly, of the dozens of proposed redactions from Plaintiffs' CAC, Third-Party Respondents seek sealing for only the few (i) relating to calculations by Plaintiffs' proposed expert that are based on J.D. Power's proprietary data, (¶¶ 6 and 8); (ii) describing the methodology used by Third-Party Respondents for determining the PSA in connection with Mitchell's proprietary WCTL software, (¶¶ 58-61, 63, 64, and 114-116); (iii) outlining the contents of Mitchell's confidential presentation materials directed at its insurance customers and deposition testimony obtained via subpoena regarding the same, neither of which are available to the public, (¶ 112); and (iv) discussing the data the underlies the calculation of the PSA, (¶¶ 121-127) (hereinafter collectively, the "Proposed Redactions").

## III. The Proposed Redactions Should Not be Publicly Disclosed

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 425 U.S. 589, 599 (1978)).  Indeed, even judicial documents may be kept under seal if "higher values . . . so demand."  *Lugosch*, 435 F.3d at 124.  As numerous courts in this Circuit have recognized, such values may include a business's interest in protecting confidential, sensitive, or proprietary information.  *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of protective order, for good cause, to precent disclosure of "a trade secret or other confidential research, development, or commercial information").

### A.    Applying *Lugosch* Warrants Maintaining Confidentiality and Nondisclosure of the Proposed Redactions

The Second Circuit promulgated a three-part balancing test for courts to apply when determining whether material should be sealed.  First, a court determines whether the documents are "judicial documents."  *Lugosch*, 435 F.3d at 119 (internal quotation omitted).  Second, it determines the weight of the presumption of access afforded to the documents.  *Id.*  Finally, a court must identify and weigh factors that legitimately counsel against public access.  *Id.* at 120.

Third-Party Respondents do not dispute that the information they seek to seal is contained within "judicial documents," *i.e.*, Plaintiffs' CAC, under the first prong of the sealing test.  *See Google Digital Advertising Antitrust Litig.*, Nos. 21-md-3010, 21-cv-6841, 2021 WL 4848758, at *1 (S.D.N.Y. Oct. 15, 2021) (noting judicial documents include complaints).  Accordingly, the public has a presumptive right of access to the Proposed Redactions.  *Mirlis*, 952 F.3d at 60.  That presumption of public access, however, is overcome in the second and third prongs of the balancing test because disclosure of the Proposed Redactions will not help the public understand this contract dispute between Plaintiffs and their insurer and will cause irreparable competitive harm to Third-Party Respondents.

Hon. Lorna G. Schofield
April 22, 2022
Page 4

### 1.   Very Little Weight Is Due on the Presumption of Access

In the second prong of the sealing test, the court must determine the "weight of the presumption" of public access to the information in question.  *See Lugosch*, 435 F.3d at 119.  This lawsuit is, at its core, a straightforward dispute between Plaintiffs and their insurance company about whether Defendants paid the amount to which Plaintiffs claim they are entitled under the Progressive policy when their vehicles were deemed to be a total loss.  Indeed, Progressive—without any involvement by Mitchell—allegedly used a Mitchell report in settling Plaintiffs' respective total loss claims.  Kroell Decl. ¶ 7.  Viewed through this lens, the weight of the presumption of public access is weak.

### 2.   Competitive Considerations Strongly Outweigh Presumptive Disclosure

The third prong of the sealing test weighs heavily in favor of maintaining confidentiality and nondisclosure of the Proposed Redactions because the countervailing risk of competitive harm substantially outweighs any possible weight given to the presumption of public access.  As highlighted above, Third-Party Respondents seek to redact only certain paragraphs or limited portions thereof of Plaintiffs' CAC, including ¶¶ 6, 8, 58-61, 63, 64, 112, 114-116, and 121-127.  These proposed narrowly tailored redactions protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors.  That is because this information consists of "trade secrets" that, if disclosed, will "provide valuable insights into [Mitchell's] and [J.D. Power's] current business practices that a competitor [could] seek to exploit."  *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing); *see also Allegra v. Luxottica Retail N. Am.*, No. 17-CV-05216, 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (holding "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of the risk of competitive harm if disclosed).[2]

### (i)   Calculations Based on J.D. Power's Proprietary Data

Specifically, Third-Party Respondents seek to redact from Plaintiffs' CAC the percentage reflected in ¶¶ 6 and 8, which Plaintiffs contend is the average PSA made to the class.  While Third-Party Respondents have not run this calculation themselves, the calculation would have to be based on proprietary, non-public information.  Kroell Decl. ¶ 14.  Moreover, the disclosure of the purported

---

[2] *See also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-*12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Hon. Lorna G. Schofield
April 22, 2022
Page 5

average PSA would harm Third-Party Respondents by providing their competitors with sensitive, non-public information about how WorkCenter Total Loss operates. *Id.* ¶ 12.  Therefore, the Court should grant Third-Party Respondents' request to redact and seal the percentage in ¶¶ 6 and 8.

(ii)   <u>PSA Methodology</u>

Third-Party Respondents also seek to redact from Plaintiffs' CAC ¶¶ 58-61, 63, 64, and 114-116, which describe in detail J.D. Power's confidential PSA methodology used in connection with Mitchell's proprietary WCTL software.  *See* Kroell Decl. ¶ 6.  Third-Party Respondents possess a strong interest in preserving the confidentiality of this proprietary methodology to maintain a competitive hold on the software market for calculating the value of total loss vehicles.  *Id.* ¶¶ 9; *see also In re Zyprexa Injunction*, 474 F. Supp. 2d at 424-25.  Additionally, permitting public access to this information will give market-competitors an unfair advantage over Third-Party Respondents, who do not have access to a detailed manual of the methodologies employed by Mitchell's competitors (for example, CCC and Audatex) and would thus be prejudicial to Third-Party Respondents. *Id.* ¶ 10.  Notably, the Court previously permitted Third-Party Respondents to maintain the confidentiality of non-public information related to the PSA calculation applied in WCTL vehicle valuation reports.  (Dkt. No. 94.)  It should do also so here.

(iii)   <u>Mitchell's Confidential Presentation Materials & Testimony</u>

Next, Third-Party Respondents seek to redact ¶ 112, reflecting non-public information gleaned, in part, from a Mitchell PowerPoint presentation dated March 5, 2010.  Kroell Decl. ¶ 11.  Specifically, ¶ 112 of Plaintiffs' CAC contains confidential information from a slide in that presentation that is related to Mitchell's WCTL vehicle valuation reports and its internal evaluations of those reports.  *Id.*  Mitchell maintains the confidentiality of all of its presentation materials directed at its insurance customers, like this one aimed at Progressive, because if such materials were disclosed its competitors would have a front-row seat into the workings of Mitchell's WCTL application, including the underlying proprietary PSA calculation methodology owed by J.D. Power.  *Id.* ¶¶ 6, 12.  Courts have permitted sealing of such confidential marketing and business development materials based on competitor exposure.  *See Stegmann v. Wolin*, No. 21-CV-1717, 2021 WL 1838219, at *6-*7 (E.D.N.Y. May 7, 2021) (sealing "confidential business, operational and marketing strategies" information because the harm from its disclosure "outweighs the presumption of public access").  Accordingly, the Court should grant Third-Party Respondents' request to redact and seal ¶ 112.

In addition, the allegations in ¶ 112 underscore Plaintiffs' inappropriate use of deposition testimony obtained via subpoena and insertion of arguments based on defective facts or reasoning in the CAC.  First, Plaintiffs' counsel surmised the percentages reflected in ¶ 112; they are not in the March 2010 presentation.  *See* Kroell Decl. ¶ 3.  Plaintiffs' CAC hides the ball on this point.  Moreover, these allegations are derived from a PowerPoint presentation that is more than a decade old, *id.* – well before the class period at issue.  Additionally, when Plaintiffs' counsel began questioning Mitchell's corporate representative about this topic, we stated Mitchell's position that counsel was drawing inappropriate inferences from the presentation materials.  *See* Schutte Decl.  ¶ 16.  Defendants agreed, objecting on the basis that counsel was construing the context of the document.  *Id.*  Based on these considerations alone, the Court should maintain confidentiality and prevent public disclosure of ¶ 112.

Hon. Lorna G. Schofield
April 22, 2022
Page 6

      (iv)    <u>PSA Data</u>

      Finally, Third-Party Respondents seek to redact from Plaintiffs' CAC ¶¶ 121-127 wherein the highly confidential, proprietary data transactions used to calculate the named Plaintiffs' PSAs are discussed and analyzed.  These allegations relay specific features of Third-Party Respondents' proprietary methodologies and, taking one step further, affirmatively place in the record transactions Third-Party Respondents produced pursuant to subpoenas (and under the understanding the parties considered such transactions Confidential or Highly Confidential Material).  Kroell Decl. ¶¶ 8, 9. Notably, neither Mitchell, nor Mitchell's WCTL insurance company customers (like Progressive), nor Mitchell's competitors have access to the data that underlies the PSA calculation.  *Id.* ¶ 9.  Third-Party Respondents have an important business interest in keeping these proprietary methodologies and related transactions confidential to sustain its business and WCTL product.  *Id.* ¶ 13.  And if these allegations are made publicly available, competitive harm to Third-Party Respondents will undoubtedly result.  *Id.* ¶ 10.  Therefore, the Court should grant Third-Party Respondents' request to redact and seal ¶¶ 121-127.

+ + +

      For all these reasons, Third-Party Respondents respectfully request that the Court approve Third-Party Respondents' Proposed Redactions as identified in <u>Exhibit C</u> and keep the following redacted material sealed: (i) the percentage which Plaintiffs contend is the average PSA made to the class identified by the partial redactions in ¶¶ 6, 8; (ii) the PSA methodology used in WCTL software as explained in ¶¶ 58-61, 63, 64, and 114-116; (iii) Mitchell's confidential presentation materials and testimony described in ¶ 112; and (iv) the proprietary data transactions and illustrations in ¶¶ 121-127.

      Please do not hesitate to contact me with any questions.


               Respectfully submitted,

               /s/ Brian A. Herman

               Brian A. Herman

Cc:    All Counsel of Record via ECF
       Scott T. Schutte via email (scott.schutte@morganlewis.com)
       Staci M. Holthus via email (staci.holthus@morganlewis.com)