UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
DOMINICK VOLINO, et al.,                                      :
                                   Plaintiffs,                :
                                                              :
            -against-                                         :   21 Civ. 6243 (LGS)
                                                              :
PROGRESSIVE CASUALTY INSURANCE                                :
COMPANY, et al.,                                              :
                                   Defendants.                :
                                                              :
-------------------------------------------------------------X
                                                              :
MICHAEL VERARDO, et al.,                                      :
                                   Plaintiffs,                :
                                                              :
            -against-                                         :   22 Civ. 1714 (LGS)
                                                              :
PROGRESSIVE CASUALTY INSURANCE                                :   ORDER
COMPANY, et al.,                                              :
                                   Defendants.                :
                                                              :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 17, 2022, Plaintiffs filed a motion for class certification and a motion to seal portions of the papers filed in support of that motion;

WHEREAS, on November 23, 2022, Defendants and third-party subpoena respondents Mitchell International, Inc. and J.D. Power (collectively, "Respondents"), as the parties with interests in the confidential treatment of the sealed documents, filed letter motions to maintain certain of the papers at issue under seal;

WHEREAS, on December 8, 2022, Defendants filed their opposition to Plaintiffs' motion for class certification and a motion to seal portions of the papers filed in opposition;

WHEREAS, on December 22, 2022, Plaintiffs filed their reply in further support of their motion for class certification and a motion to seal portions of their reply papers;

WHEREAS, on January 5, 2023, Respondents filed a letter motion to maintain certain of the papers filed in connection with both Defendants' opposition and Plaintiffs' reply in further support of the motion for class certification;

WHEREAS, on January 17, 2023, Plaintiffs filed their opposition to Defendants' *Daubert* motion and a motion to seal portions of their opposition papers;

WHEREAS, all of the documents at issue are filed under seal because of Defendants and Respondents' interest in confidentiality, and the arguments made in Defendants' and Respondents' November 23, 2022, motion are applicable to all of the motions.  It is hereby

**ORDERED** that the motions to seal at Dkt. Nos. 170, 187, 194 and 203 are GRANTED in part and DENIED without prejudice in part.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Maintaining the limited redactions sought by Defendants and Respondents and maintaining several documents fully under seal is necessary to prevent unauthorized dissemination of personal information, including an individual non-party's home address, and to prevent the disclosure of confidential business information.  The confidential business information filed under seal is competitively sensitive and may harm Defendants or Respondents if disclosed.  Many of the specific details that would be most harmful if disclosed were not material to the issues decided at class certification, and a weaker presumption of public access attaches to such information.  To the extent the information

at issue was relevant to the performance of the judicial function, the relevant portions thereof and conclusions drawn therefrom are described in the publicly-filed letters, memoranda of law and in the Court's opinion. Filing certain documents fully under seal or with entire pages redacted, rather than with more narrowly targeted redactions, also is necessary to avoid speculation and misleading inferences about what might be redacted.

The redacted or sealed portions of the following documents at issue on the motion at Dkt. No. 170 shall remain under seal: Plaintiffs' opening memorandum of law, the report of Jason Merritt and Exhibits 2, 5, 6, 9 and 10 to the Bates Declaration as filed by Respondents at Dkt. Nos. 181 and 182; the redacted or sealed portions of Exhibits 1, 4 and 7 as filed by Plaintiffs at Dkt. Nos. 173 and 174. The redacted or sealed portions of the following documents at issue on the motion at Dkt. Nos. 187 and 194 shall remain under seal: Defendants' opposition memorandum of law, Plaintiffs' reply memorandum of law and Exhibits E and R to the Barrett Declaration as filed by Respondents at Dkt. No. 202; and Exhibits B, C, D and H to the Barrett Declaration, as filed by Defendants at Dkt. Nos. 190 and 191.

However, it appears that neither Defendants nor Respondents seek to maintain under seal Exhibits 8, 11 or 12 to the Bates Declaration, as filed by Plaintiffs at Dkt. Nos. 173 and 174; Exhibit A to the Barnett Declaration, as filed by Defendants at Dkt. Nos. 190 and 191, or the redacted portions of Plaintiffs' opposition to Defendants' *Daubert* motion at Dkt. Nos. 204 and 205. By **March 29, 2023**, the parties and Respondents shall confer and either file a letter motion for continued sealing or redaction of those documents or attaching unredacted versions thereof.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 170, 187, 194 and 203.

Dated: March 22, 2023
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE