# Morgan Lewis

**Brian A. Herman**
Partner
+1.212.309.6909
brian.herman@morganlewis.com

April 5, 2023

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

   Re: *Volino, et al. v. Progressive Casualty Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

   We represent third-party subpoena respondents Mitchell International, Inc. ("Mitchell") and J.D. Power (collectively, "Third-Party Respondents") in connection with the above-referenced litigation.  Pursuant to the Court's Orders of March 22, 2023, and April 5, 2023 (Dkt. Nos. 210, 214), Third-Party Respondents hereby submit this Corrected Letter Motion[1] seeking to maintain under seal Exhibits 8, 11 and 12 to the Declaration of Hank Bates (the "Bates Declaration"), as filed by Plaintiffs at Dkt. Nos. 174-7, 174-10, and 174-11, and Exhibit A to the Declaration of Julia Barnett (the "Barnett Declaration"), as filed by Defendants at Dkt. No. 191-1.[2]  These documents reference, discuss, and/or are derived from Mitchell's and J.D. Power's commercially sensitive and proprietary business information obtained from documents and 30(b)(6) deposition testimony pursuant to subpoenas and designated as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order entered on October 21, 2021 (Dkt. No. 45) and modified on January 25, 2022 (Dkt. No. 77).[3]

---

[1] Third-Party Respondents are filing this Corrected Letter Motion because its previously filed Letter Motion at Dkt. No. 211 incorrectly identified the docket numbers of the documents sought to be sealed, and apologize for any inconvenience to the Court caused by its error.  There are no changes to this Motion other than the corrected docket numbers.

[2] Third-Party Respondents do not seek to maintain under seal the redacted portions of Plaintiffs' opposition to Defendants' *Daubert* motion at Dkt. No. 205.

[3] As used in the Stipulated Protective Order, "Confidential" information includes material "(a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing

Hon. Lorna G. Schofield
January 5, 2023
Page 2

As explained below, Exhibits 8, 11, and 12 to the Bates Declaration and Exhibit A to the Barnett Declaration meet the standards for sealing set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Therefore, Third-Party Respondents respectfully request that the Court order that the redacted or sealed portions of the aforementioned exhibits shall remain under seal, so as to preserve the confidentiality of Michell's and J.D. Power's respective proprietary business information. In further support, Third-Party Respondents attach as Exhibit A the Declaration of Scott T. Schutte (the "Schutte Declaration") and as Exhibit B the Declaration of Philip Kroell (the "Kroell Declaration"). Third-Party Respondents' proposed redactions to Exhibit A to the Barnett Declaration are shown in Exhibit C and further identified by yellow highlighting in the document submitted to the court for *in camera* review.

Third-Party Respondents have conferred with Defendants and Defendants do not oppose Third-Party Respondents' request that the documents identified herein should be maintained in confidence and not disclosed publicly. Schutte Decl. ¶ 21. Third-Party Respondents separately conferred with Plaintiffs, who stated that they are not taking a position on whether they agreed with Third-Party Respondents' seal request. *Id.* ¶ 22.

I. **Pertinent Background**

In this litigation, in which Mitchell and J.D. Power are not named parties, each company has produced a substantial amount of highly sensitive, confidential, and proprietary business material in response to document subpoenas issue by Plaintiffs. Mitchell has made at least eight productions consisting of nearly 2,000 pages of documents in addition producing multiple rounds of data. *See* Schutte Decl. ¶¶ 4-7. J.D. Power has similarly produced numerous pages of documents and more than 10 million lines of data records. *Id.* ¶¶ 8-13. In addition, Third-Party Respondents' respective corporate representatives collectively gave more than 12 hours of deposition time on the record. *Id.* ¶¶ 15-19.

In sum, Third-Party Respondents spent significant time and resources to answer what was asked of them in a case in which they are not named defendants. And they did so relying on the Stipulated Protective Order and amendment thereto that afforded Mitchell and J.D. Power confidentiality protections for their respective document productions and deposition testimony – with Plaintiffs never once challenging any such confidentiality designation.

II. **The Parties' Seal Requests**

By this filing, Third-Party Respondents seek to preserve confidentiality of documents and testimony designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only under the

---

party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure." (Dkt. No. 45 ¶ 1.)

The First Amendment to the Stipulated Confidentiality Order provides "Highly Confidential – Outside Counsel's Eyes Only," material includes "data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that includes the PSA Underlying Data, as well as (1) any information copied or extracted from Highly Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Highly Confidential Material; and (3) any oral, written or electronic communications, testimony, or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Highly Confidential Material." (Dkt. No. 77 ¶ 3.)

Hon. Lorna G. Schofield
January 5, 2023
Page 3

Stipulated Protective Order and amendment thereto. All involve Mitchell's and J.D. Power's commercially sensitive and proprietary business information produced pursuant to document production and deposition subpoenas.

Specifically, Third-Party Respondents seek sealing of information from three categories: (i) confidential Mitchell materials with pricing philosophies; (ii) the appendix to the expert report of Dr. Michelle Lacey describing the methodology used by Third-Party Respondents for determining the PSA, including graphs and calculations derived from J.D. Power's proprietary data; and (iii) deposition testimony discussing highly sensitive commercial information of Mitchell and J.D. Power and containing the home address of a Mitchell witness (collectively, the "Proposed Redactions").

### III.     The Proposed Redactions Should Not be Publicly Disclosed

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 425 U.S. 589, 599 (1978)). Indeed, even judicial documents may be kept under seal if "higher values . . . so demand." *Lugosch*, 435 F.3d at 124. As numerous courts in this Circuit have recognized, such values may include a business's interest in protecting confidential, sensitive, or proprietary information. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of protective order, for good cause, to precent disclosure of "a trade secret or other confidential research, development, or commercial information").

### A.     Applying *Lugosch* Warrants Maintaining Confidentiality and Nondisclosure of the Proposed Redactions

The Second Circuit promulgated a three-part balancing test for courts to apply when determining whether material should be sealed. First, a court determines whether the documents are "judicial documents." *Lugosch*, 435 F.3d at 119 (internal quotation omitted). Second, it determines the weight of the presumption of access afforded to the documents. *Id.* Finally, a court must identify and weigh factors that legitimately counsel against public access. *Id.* at 120.

Third-Party Respondents do not dispute that the information they seek to seal is contained within "judicial documents" under the first prong of the sealing test. *See Google Digital Advertising Antitrust Litig.*, Nos. 21-md-3010, 21-cv-6841, 2021 WL 4848758, at *1 (S.D.N.Y. Oct. 15, 2021) (noting judicial documents include complaints). Accordingly, the public has a presumptive right of access to the Proposed Redactions. *Mirlis*, 952 F.3d at 60. That presumption of public access, however, is overcome in the second and third prongs of the balancing test because disclosure of the Proposed Redactions will not help the public understand this contract dispute between Plaintiffs and their insurer and will cause irreparable competitive harm to Third-Party Respondents.

#### 1.     *Very Little Weight Is Due on the Presumption of Access*

In the second prong of the sealing test, the court must determine the "weight of the presumption" of public access to the information in question. *See Lugosch*, 435 F.3d at 119. This lawsuit is, at its core, a straightforward dispute between Plaintiffs and their insurance company about

Hon. Lorna G. Schofield
January 5, 2023
Page 4

whether Defendants paid the amount to which Plaintiffs claim they are entitled under the Progressive policy when their vehicles were deemed to be a total loss. Indeed, Progressive—without any involvement by Mitchell—allegedly used a Mitchell report in settling Plaintiffs' respective total loss claims. Viewed through this lens, the weight of the presumption of public access is weak.

        2.        *Competitive Considerations Strongly Outweigh Presumptive Disclosure*

The third prong of the sealing test weighs heavily in favor maintaining confidentiality and nondisclosure of the Proposed Redactions because the countervailing risk of competitive harm substantially outweighs any possible weight given to the presumption of public access. Third-Party Respondents propose sealing only where absolutely necessary to protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors. Importantly, the information that Third-Party Respondents seek to redact consists of "trade secrets" that, if disclosed, will "provide valuable insights into [Mitchell's] and [J.D. Power's] current business practices that a competitor [could] seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing); *see also Allegra v. Luxottica Retail N. Am.*, No. 17-CV-05216, 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (holding "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of the risk of competitive harm if disclosed).[4]

        (i)        <u>Mitchell's Confidential Materials</u>

Third-Party Respondents seek to redact in full Exhibit 8 to the Bates Declaration (Dkt. No. 174-7). Exhibit 8 is a non-public Mitchell document that contains confidential information related to Mitchell's WorkCenter Total Loss application and, more specifically, Mitchell's pricing philosophies. Kroell Decl. ¶ 11. The information reflected in this document is not publicly available and only disclosed on a limited basis to Mitchell's insurance customers (like Progressive). *Id.* Mitchell maintains the confidentiality of all of its materials directed at its insurance customers, like Exhibit 8, because if such materials were disclosed its competitors would have a front-row seat into the workings of Mitchell's Work Center Total Loss application, including the underlying proprietary PSA calculation methodology. *Id.* Courts have permitted sealing of such confidential marketing and business development materials based on competitor exposure. *See Stegmann v. Wolin*, No. 21-CV-1717, 2021 WL 1838219, at *6-*7 (E.D.N.Y. May 7, 2021) (sealing "confidential business, operational

---

[4] *See also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-*12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Hon. Lorna G. Schofield
January 5, 2023
Page 5

and marketing strategies" information because the harm from its disclosure "outweighs the presumption of public access"). And other cases for which the confidentiality of Mitchell's confidential materials, including Exhibit 8, have been preserved include *Freeman v. Progressive Direct Ins. Co.*, No. 1:21-cv-03798-DCC (D.S.C.), *Drummond, et al. v. Progressive Specialty Ins. Co., et al.*, No. 5:21-cv-04478-EGS (E.D. Pa.), *Brown, et al. v. Progressive Mountain Ins. Co., et al.*, No. 3:21-cv-00175-TCB (N.D. Ga.), and *Costello v. Mountain Laurel Assur. Co.*, No. 2:22-cv-00035-TAV-CRW (E.D. Tenn.). Therefore, Exhibit 8 should remain entirely under seal. *See Stegmann*, No. 21-CV-1717, 2021 WL 1838219, at *6-*7.

(ii) <u>Expert Report</u>

Third-Party Respondents also seek to redact in full Exhibits 11 and 12 to the Bates Declaration, which are pages 1 through 18 of Dr. Lacey's expert report (Dkt. Nos. 174-10 and 174-11). Exhibit 11 describes in detail the methodology used by Third-Party Respondents for determining the PSA in connection with Mitchell's proprietary WorkCenter Total Loss software, including quoting and paraphrasing the testimony of J.D. Power's corporate representative, Blaine Bogus, which such testimony has been designated Confidential and Highly-Confidential—Outside Counsel's Eyes Only. Schutte Decl. ¶¶ 17, 20. Exhibit 11 also discusses J.D. Power's proprietary data and, going one step further, contains graphs and calculations derived from that data. *Id.* Exhibit 12 also contains graphs and calculations derived from J.D. Power's proprietary data. *Id.*

Notably, neither Mitchell nor Mitchell's WCTL insurance company customers (like Progressive) have access to the data that Dr. Lacey's calculations were derived from. *Id.* ¶ 9. The public disclosure of these calculations would harm Third-Party Respondents by providing their competitors with sensitive, non-public information about proprietary data transactions that underly the PSA and, in turn, how Mitchell's proprietary WorkCenter Total Loss software operates. *Id.* ¶ 10. Further, due to the intertwining nature of the highly confidential material within Exhibits 11 and 12, it would be difficult to adequately redact all potentially sensitive information while retaining their necessary context. As a result, Third-Party Respondents are not aware of a less drastic alternative to sealing such information in its entirety. Therefore, the Court should grant Third-Party Respondents' request to maintain Exhibits 11 and 12 under seal.

(iii) <u>Deposition Testimony</u>

Lastly, Third-Party Respondents seek to maintain the confidentiality of excerpts of the deposition transcript of Mitchell's corporate representative, Philip Kroell (ECF No. 191-1), identified by yellow highlighting in the document submitted to the Court for *in camera* review (Exhibit C). Exhibit A to the Barnett Declaration is Mr. Kroell's entire deposition transcript; however, Third-Party Respondents seek to redact only select portions of Mr. Kroell's testimony about the confidential and proprietary methodology of WorkCenter Total Loss and the PSA calculation. Kroell Decl. ¶ 10. Third-Party Respondents possess a strong interest in preserving the confidentiality of this proprietary methodology to maintain a competitive hold on the software market for calculating the value of total loss vehicles. *Id.* ¶¶ 9, 12. *See also In re Zyprexa Injunction*, 474 F. Supp. 2d at 424-25. Additionally, permitting public access to this information will give market-competitors an unfair advantage over Third-Party Respondents, who do not have access to a detailed manual of the methodologies employed by Mitchell's competitors (for example, CCC and Audatex) and would thus be prejudicial to Third-Party Respondents. *Id.* ¶ 10.

Hon. Lorna G. Schofield
January 5, 2023
Page 6

   Third-Party Respondents also seek to maintain the confidentiality of Mr. Kroell's home address. *Id.* This information is non-public and should remain such.

+ + +

   For all these reasons, Third-Party Respondents respectfully request that the Court maintain under seal Exhibits 8, 11, and 12 to the Bates Declaration, as filed by Plaintiffs at Dkt. Nos. 174-7, 174-10, and 174-11,[5] and the redacted portions of Exhibit A to the Barnett Declaration at Dkt No. 191-1 (identified by yellow highlighting in the document submitted to the court for *in camera* review).

   Please do not hesitate to contact me with any questions.

                    Respectfully submitted,

                    */s/ Brian A. Herman*

                    Brian A. Herman

Cc: All Counsel of Record via ECF
   Scott T. Schutte via email (scott.schutte@morganlewis.com)
   Staci M. Holthus via email (staci.holthus@morganlewis.com)

---

Application GRANTED. A three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). Preventing competitive harm is one countervailing consideration that can override the public right of access. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *accord Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

For the reasons stated herein, and in the letter filed at Dkt. No. 215, the Court finds that Third-Party Respondents' interest in shielding proprietary business materials from disclosure overcomes the interest, if any, of public access to such documents. Additionally, the privacy interest of Mr. Kroell in maintaining the confidentiality of his home address overcomes the interest of public access to that information.

The Clerk of Court is respectfully directed to maintain the seal on Exhibit 8 (Dkt. No. 174-7), Exhibit 11 (Dkt. No. 174-10), Exhibit 12 (Dkt. No. 174-11) and the redacted portions of Exhibit A to the Barnett Declaration (Dkt. No. 191-1). The Clerk of Court is respectfully directed to close the motions at Dkt. No. 211 and Dkt. No. 215.

Dated: April 5, 2023
New York, New York

                           LORNA G. SCHOFIELD
                           UNITED STATES DISTRICT JUDGE

---

[5] Because Third-Party Respondents are seeking redaction of these exhibits in full and Third-Party Respondents understand that the Court has received a copy of these documents from Plaintiffs for *in camera* review, Third-Party Respondents are not attaching them to this Corrected Letter Motion.