```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  DOMINICK VOLINO et al.,                                     :
                                      Plaintiffs,             :
                  -against-                                   :   21 Civ. 6243 (LGS)
                                                              :
  PROGRESSIVE CASUALTY INSURANCE CO.                          :   ORDER
  et al.,                                                     :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 7, 2023, Plaintiffs submitted a pre-motion letter requesting that the Court modify the Class definition set forth in its March 16, 2023, Opinion and Order granting Plaintiffs' motion for class certification;

WHEREAS, under Rule 23(c)(1), a class certification order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Such a modification is at the Court's discretion. *See Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999); *accord In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 465 (S.D.N.Y. 2018) ("[T]he decision to otherwise modify a class definition is a discretionary one."). Modifications pursuant to Rule 23(c)(1) ordinarily are made only upon a showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 695, 2022 WL 814074, at *18 (S.D.N.Y. Mar. 17, 2022).

WHEREAS, a similar standard governs revisiting class certification on a motion for reconsideration. Motions for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v.*

*Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018). The Local Rules of the United States District Court for the Southern and Eastern Districts of New York state that "[u]nless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." *See* Local Rule 6.3;

  WHEREAS, the Court construes Plaintiffs' pre-motion letter as a motion for modification pursuant to Rule 23(c)(1), or, in the alternative, a motion for reconsideration;

  WHEREAS, Plaintiff's motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170 (internal quotation marks omitted). Plaintiff's motion is also untimely, having been filed more than fourteen days after the entry of the Court's March 16, 2023, Opinion and Order deciding the original motion for class certification. It is hereby

**ORDERED** that Plaintiff's request that the Court modify the Class definition set forth in its March 16, 2023, Opinion and Order granting class certification is DENIED.

Dated:  April 27, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**