# Morgan Lewis

**Brian A. Herman**
Partner
+1.212.309.6909
brian.herman@morganlewis.com

> Third-party Respondents' motion to seal is GRANTED for substantially the reasons stated in this letter. The Clerk of Court is respectfully directed to maintain Dkt. Nos. 243, 245, 247, 251, 252, 254, 256 and 259 under seal, and to close the motion at Dkt. No. 258.
>
> Dated: July 20, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

July 14, 2023

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    *Volino, et al. v. Progressive Cas. Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

      We represent third-party subpoena respondents Mitchell International, Inc. ("Mitchell") and J.D. Power (together, "Third-Party Respondents") in connection with the above-referenced litigation. Pursuant to Rule I.D.3. of the Court's Individual Rules of Practice, the Stipulated Protective Order entered on October 21, 2021 (Dkt. No. 45) and modified on January 25, 2022 (Dkt. No. 77), and the Court's June 30, 2023 Order (Dkt. No. 257), Third-Party Respondents hereby move this Court to maintain under seal certain documents as described below. This Letter Motion to Seal arises in connection with Defendants' Motion for Summary Judgment (Dkt. No. 243) and Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 250), previously filed, together with each party's respective Local Rule 56.1 Statement and supporting declaration with its accompanying exhibits.

      The redacted information contained within the parties' summary judgment filings has not previously been made part of the public record[1] and should be kept confidential by sealing order for the reasons articulated below, including that the documents meet the legal standard for filing sealed documents under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In further support, Third-Party Respondents attach the Declaration of Scott T. Schutte ("Schutte

---

[1] In addition to this Court's Orders directing that J.D. Power and Mitchell's information be maintained under seal (*see* Dkt. Nos. 103, 120, 159, 179, and 217), numerous other courts have ordered the same. *See, e.g., Freeman v. Progressive*, No. 1:21-cv-3798-DCC (D.S.C.); *Drummond v. Progressive*, No. 5:21-cv-4479-EGS (E.D. Pa.); *Brown v.* Progressive, No. 3:21-cv-175-TCB (N.D. Ga.); *Costello v. Mountain Laurel*, No. 2:22-cv-35-CRW (E.D. Tenn.); *Jones v. Progressive*, No. 2:22-cv-364-PP (E.D. Wis.); *Curran v. Progressive*, No. 1:22-cv-00878-NYW-MEH (D. Colo.); *Bartee v. Progressive*, No. 4:22-cv-342-MTS (E.D. Mo.); *Kroeger v. Progressive*, No. 4:22-cv-104-SHL-HCA (S.D. Iowa); *Ambrosio v. Progressive*, No. 2:22-cv-342-SMB (D. Ariz.).

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

Hon. Lorna G. Schofield
July 14, 2023
Page 2

Declaration") (**Exhibit A**), the Declaration of Philip Kroell ("Kroell Declaration") (**Exhibit B**), and the Declaration of Joshua Testasecca ("Testasecca Declaration") (**Exhibit C**).

    Third-Party Respondents conferred with Defendants and Defendants agree that the confidential and highly confidential information and materials identified herein should be maintained in confidence and not disclosed publicly. Schutte Decl. ¶ 21. Third-Party Respondents separately conferred with Plaintiffs and Plaintiffs take no position on Third-Party Respondents' Letter Motion to Seal. *Id.* ¶ 22. (*See also* Dkt. No. 249).

### I.    The Parties' Seal Requests[2]

    The documents that Third-Party Respondents seek to maintain under seal and a brief description of each are:[3]

| Dkt. No. | Document Title | Description |
|---|---|---|
| 243 | Defendants' Motion for Summary Judgment | Narrowly tailored redactions to pages 11-13, 17, 22, and 27 (attached hereto and filed provisionally under seal as **Exhibit D**). |
| 245 | Defendants' Rule 56.1 Statement | Narrowly tailored redactions to ¶¶ 20, 24, 25, 30, 31, 33, 36, 88, 105, 106, 112-15, 133, and 140-45 (attached hereto and filed provisionally under seal as **Exhibit E**). |
| 247 | Declaration of Philip Kroell in Support of Defendants' Motion for Summary Judgment | Narrowly tailored redactions to ¶¶ 6, 9, 10, 16-18, and 21 (attached hereto and filed provisionally under seal as **Exhibit F**). |
| 251-1 | Exhibit A to Brigman Declaration | Transcript excerpts from the February 23, 2022 deposition of Blaine Bogus, J.D. Power's 30(b)(6) representative. |
| 251-2 | Exhibit B to Brigman Declaration | A transcript excerpt from the February 24, 2022 deposition of Thomas Ryan, J.D. Power's 30(b)(6) representative. |
| 251-3 | Exhibit C to Brigman Declaration | Excerpts from the report of Defendants' expert Dr. Jonathan Walker. |
| 251-4 | Exhibit R to Brigman Declaration | Transcript excerpts from the April 19, 2022 deposition of Plaintiffs' expert Dr. Michelle Lacey. |
| 251-5 | Exhibit S to Brigman Declaration | Narrowly tailored redactions to an excerpt from the report of Plaintiffs' expert Dr. Michelle Lacey |

---

[2] The pertinent background concerning Third-Party Respondents' document productions and deposition testimony pursuant to third-party subpoenas issued by Plaintiffs is discussed in Third-Party Respondents' Letter Motions filed on November 23, 2022 (Dkt. No. 181), January 5, 2023 (Dkt. No. 202), and April 5, 2023 (Dkt. No. 215), each of which are hereby incorporated by reference.

[3] Third-Party Respondents do not seek to maintain under seal the Declaration of J. Matthew Brigman ("Brigman Declaration") (Dkt. No. 248), the Declaration of Lee Lowther in Support of Plaintiffs' Motion for Partial Summary Judgment ("Lowther Declaration") (Dkt. No. 256) and Exhibit 9 to Lowther Declaration (Dkt. No. 256-5).

Hon. Lorna G. Schofield
July 14, 2023
Page 3

| Dkt. No. | Document Title | Description |
|---|---|---|
|  |  | (attached hereto and filed provisionally under seal as **Exhibit G**). |
| 252 | Plaintiffs' Motion for Partial Summary Judgment | Narrowly tailored redactions to pages 5, 7-12, 14 n.5, and 16 (attached hereto and filed provisionally under seal as **Exhibit H**). |
| 254 | Plaintiffs' Rule 56.1 Statement | Narrowly tailored redactions to ¶¶ 6-30 (attached hereto and filed provisionally under seal as **Exhibit I**). |
| 256-1 | Exhibit 3 to Lowther Declaration | Transcript excerpts from the February 3, 2022 deposition of John Retton, Defendants' 30(b)(6) representative. |
| 256-2 | Exhibit 4 to Lowther Declaration | Transcript excerpts from the February 9, 2022 deposition of Philip Kroell, Mitchell's 30(b)(6) representative. |
| 256-3 | Exhibit 6 to Lowther Declaration | Excerpts from the amended report of Plaintiffs' expert Dr. Michelle Lacey. |
| 256-4 | Exhibit 8 to Lowther Declaration | Transcript excerpts from the February 23, 2022 deposition of Blaine Bogus, J.D. Power's 30(b)(6) representative. |

The documents listed above reference, discuss, and/or are derived from Mitchell's and J.D. Power's commercially sensitive and proprietary business information obtained from documents and 30(b)(6) deposition testimony pursuant to subpoenas and designated as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order.[4] All involve Mitchell's and J.D. Power's commercially sensitive and proprietary business information produced pursuant to document production and deposition subpoenas.

Importantly, Defendants and Plaintiffs have proposed dozens of redactions in connection with their respective summary judgment materials. (*See* Dkt. Nos. 241, 249.) Third-Party Respondents thoughtfully reviewed each party's proposed redactions and narrowly tailored this Letter Motion to request sealing only where absolutely necessary to protect against disclosure of

---

[4] As used in the Stipulated Protective Order, "Confidential" information includes material "(a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure." (Dkt. No. 45 ¶ 1.)

The First Amendment to the Stipulated Confidentiality Order provides "Highly Confidential – Outside Counsel's Eyes Only," material includes "data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that includes the PSA Underlying Data, as well as (1) any information copied or extracted from Highly Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Highly Confidential Material; and (3) any oral, written or electronic communications, testimony, or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Highly Confidential Material." (Dkt. No. 77 ¶ 3.)

Hon. Lorna G. Schofield
July 14, 2023
Page 4

commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors. As one example, Defendants moved to seal the entirety of Exhibit S to the Brigman Declaration, which is page 4 of the report of Plaintiffs' expert Dr. Michelle Lacey. Third-Party Respondents have proposed redactions only to the calculations that Dr. Lacey derived from J.D. Power's proprietary data (see **Exhibit G**). Relatedly, Third-Party Respondents have proposed limited redactions to the parties' summary judgment filings (see **Exhibits D, E, H,** and **I**). For those documents that Third-Party Respondents request sealing as an entire filing, Third-Party Respondents are unaware of any less onerous alternative that would preserve their confidentiality.

## II. Third-Party Respondents' Confidential and Highly Confidential Information Should Be Kept Confidential

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 425 U.S. 589, 599 (1978)). Indeed, even judicial documents may be kept under seal if "higher values . . . so demand." *Lugosch*, 435 F.3d at 124. As numerous courts in this Circuit have recognized, such values may include a business's interest in protecting confidential, sensitive, or proprietary information. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of protective order, for good cause, to precent disclosure of "a trade secret or other confidential research, development, or commercial information").

### A. Applying *Lugosch* Warrants Maintaining Confidentiality and Nondisclosure

The Second Circuit promulgated a three-part balancing test for courts to apply when determining whether material should be sealed. First, a court determines whether the documents are "judicial documents." *Lugosch*, 435 F.3d at 119. Second, it determines the weight of the presumption of access afforded to the documents. *Id.* Finally, a court must identify and weigh factors that legitimately counsel against public access. *Id.* at 120.

Third-Party Respondents do not dispute that the information they seek to seal is contained within "judicial documents" under the first prong of the sealing test. *See Google Digital Advertising Antitrust Litig.*, Nos. 21-md-3010, 21-cv-6841, 2021 WL 4848758, at *1 (S.D.N.Y. Oct. 15, 2021) (noting judicial documents include complaints). Accordingly, the public has a presumptive right of access to the information at issue. *Mirlis*, 952 F.3d at 60. That presumption of public access, however, is overcome in the second and third prongs of the balancing test because disclosure of Third-Party Respondents' confidential and highly confidential information will not help the public understand this contract dispute between Plaintiffs and their insurer and will cause irreparable competitive harm to Third-Party Respondents.

### 1. *Very Little Weight Is Due on the Presumption of Access*

In the second prong of the sealing test, the court must determine the "weight of the presumption" of public access to the information in question. *See Lugosch*, 435 F.3d at 119. This lawsuit is, at its core, a straightforward dispute between Plaintiffs and their insurance company about whether Defendants paid the amount to which Plaintiffs claim they are entitled under the Progressive policy when their vehicles were deemed to be a total loss. Indeed, Progressive—without any involvement by Mitchell—allegedly used a Mitchell report in settling Plaintiffs' respective total loss claims. Viewed through this lens, the weight of the presumption of public access is weak.

### 2. *Competitive Considerations Strongly Outweigh Presumptive Disclosure*

The third prong of the sealing test weighs heavily in favor of maintaining confidentiality and nondisclosure of Third-Party Respondents' confidential and highly confidential information because the countervailing risk of competitive harm substantially outweighs any possible weight given to the presumption of public access. Third-Party Respondents propose sealing only where absolutely necessary to protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors. Importantly, the information that Third-Party Respondents seek to redact consists of "trade secrets" that, if disclosed, will "provide valuable insights into [Mitchell's] and [J.D. Power's] current business practices that a competitor [could] seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing); *see also Allegra v. Luxottica Retail N. Am.*, No. 17-CV-05216, 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (holding "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of the risk of competitive harm if disclosed).[5]

#### (i) Mitchell's Confidential Materials

First, Third-Party Respondents seek to preserve the confidentiality of competitively sensitive information about their proprietary methodologies and J.D. Power's proprietary data discussed in Defendants' Motion for Summary Judgment (**Exhibit D**), Rule 56.1 Statement (**Exhibit E**), the Declaration of Philip Kroell in support thereof (**Exhibit F**); Plaintiffs' Motion for Partial Summary Judgment (**Exhibit H**) and Rule 56.1 Statement (**Exhibit I**).

Third-Party Respondents' narrowly tailored redactions to these filings concern specific features of the WorkCenter Total Loss application and the proprietary, highly confidential data and

---

[5] *See also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE*, 769 F. Supp. 2d at 649-50 (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

statistical methodology of J.D. Power to apply a PSA to vehicle valuation reports.  (*See e.g.*, **Exhibit D** at 11; **Exhibit E** ¶¶ 20, 25; **Exhibit F** ¶¶ 16, 17; **Exhibit H** at 5, 9, 10; **Exhibit I** ¶¶ 19-23.)  If this information were disclosed, Mitchell's competitors would have a front-row seat into the workings of the Work Center Total Loss software, including the underlying proprietary PSA calculation methodology of J.D. Power.  Kroell Decl. ¶ 12; Testasecca Decl. ¶ 11.  Third-Party Respondents' narrowly tailored redactions also include citations to, or calculations derived from J.D. Power's proprietary data.  (*See, e.g.*, **Exhibit E** ¶ 88; **Exhibit H** at 8.)  The proprietary data is critical to J.D. Power's competitive advantage and, in turn, Mitchell's proprietary WorkCenter Total Loss software that leverages the proprietary data and statistical methodology of J.D. Power to apply the PSA to vehicle valuation reports.  Kroell Decl. ¶ 10; Testasecca Decl. ¶ 10.  As such, J.D. Power—with no objection from Plaintiffs—has made efforts to shield the proprietary data from dissemination among the public and the parties in this litigation.  Schutte Decl. ¶¶ 7, 13, 20, 23.

Third-Party Respondents have an important business interest in keeping their proprietary methodologies and the underlying proprietary PSA data confidential to sustain their businesses and the WorkCenter Total Loss product and, if made publicly available, competitive harm to Third-Party Respondents will undoubtedly result.  Kroell Decl. ¶ 13; Testasecca Decl. ¶ 12.

(ii) <u>J.D. Power's Proprietary Data</u>

Third-Party Respondents also seek to seal excerpts from the report of Defendants' expert Dr. Jonathan Walker (Dkt. No. 251-3), select portions of an excerpt from the report of Plaintiffs' expert Dr. Mitchell Lacey (**Exhibit G**), and excerpts from Dr. Lacey's amended report (Dkt. No. 256-3).  Each report contains a detailed analysis of the PSA methodology and calculations derived from the proprietary data underlying the PSA.  The excerpts from Dr. Walker's report and Dr. Lacey's amended report, which Third-Party Respondents request sealing in full, take one step further, enclosing graphs and illustrations derived from J.D. Power's proprietary data.  Testasecca Decl. ¶ 10.  Notably, neither Mitchell nor Mitchell's WorkCenter Total Loss insurance company customers (like Progressive) have access to the data that these expert's calculations were derived from.  Kroell Decl. ¶ 10; Testasecca Decl. ¶ 9.  The public disclosure of these calculations would harm Third-Party Respondents by providing their competitors with sensitive, non-public information about proprietary data transactions that underlie the PSA and, in turn, how Mitchell's proprietary WorkCenter Total Loss software operates.  *Id.*  Further, due to the intertwining nature of the highly confidential material within Dr. Walker and Dr. Lacey's respective reports, it would be difficult to adequately redact all potentially sensitive information while retaining their necessary context.  As a result, Third-Party Respondents are not aware of a less drastic alternative to sealing such information in its entirety.

Third-Party Respondents also seek to seal transcript excerpts from the April 19, 2022 deposition of Dr. Lacey (Dkt. No. 251-4), because she discussed highly sensitive commercial information regarding J.D. Power's proprietary data, the methodology used by Third-Party Respondents for determining the Projected Sold Adjustment in connection with Mitchell's proprietary WorkCenter Total Loss software, and the contents of Mitchell's confidential materials.  Further, Dr. Lacey testified concerning a product not at issue in this litigation (see (iii) NADA, below) and confidential information disclosed in the course of an unrelated litigation, which provides further basis for sealing.

Hon. Lorna G. Schofield
July 14, 2023
Page 7

    (iii)  <u>Deposition Testimony</u>

  Third-Party Respondents seek to seal transcript excerpts from the February 23, 2022 deposition of Blaine Bogus, J.D. Power's 30(b)(6) representative (Dkt. Nos. 225-1, 256-4) and the February 9, 2022 deposition of Philip Kroell, Mitchell's 30(b)(6) representative (Dkt. No. 256-2). Both depositions discuss competitively sensitive, non-public information about the PSA methodology and proprietary data underlying the PSA, Mitchell's proprietary WorkCenter Total Loss software, and the contents of Mitchell's confidential materials. Kroell Decl. ¶¶ 11, 12; Testasecca Decl. ¶ 11. Third-Party Respondents possess a strong interest in preserving the confidentiality of this proprietary methodology to maintain a competitive hold on the software market for calculating the value of total loss vehicles. Kroell Decl. ¶ 13; Testasecca Decl. ¶ 12. *See also In re Zyprexa Injunction*, 474 F. Supp. 2d at 424-25. Additionally, permitting public access to this information will give market-competitors an unfair advantage over Third-Party Respondents, who do not have access to a detailed manual of the methodologies employed by Mitchell's competitors (for example, CCC and Audatex) and would thus be prejudicial to Third-Party Respondents. Kroell Decl. ¶¶ 10-12; Testasecca Decl. ¶¶ 9-11.

  Third-Party Respondents also seek to seal transcript excerpts from the February 3, 2022 deposition of John Retton, Defendants' 30(b)(6) representative (Dkt. No. 256-1), for the same reasons discussed above. Namely, that Mr. Retton's testimony concerns how Mitchell's proprietary WorkCenter Total Loss software operates.

    (iv)  <u>NADA</u>

  Lastly, Third-Party Respondents seek to seal a transcript excerpt from the February 24, 2022 deposition of Thomas Ryan, J.D. Power's 30(b)(6) representative (Dkt. No. 251-2) and redact from Defendants' Rule 56.1 Statement confidential information derived from Mr. Ryan's deposition (**Exhibit E** ¶ 33). Both concern competitively sensitive, non-public business information regarding the J.D. Power/NADA product, which is not at issue in this litigation and thus there is no public interest in access. Schutte Decl. ¶ 18. To allow this confidential information into the public record would only damage J.D. Power's NADA division, which is separate and apart, and indeed walled away, from the team that works on the WorkCenter Total Loss product. *Id.*

+ + +

  For all these reasons, Third-Party Respondents respectfully request that the Court issue a seal order granting their Letter Motion for Seal and directing that the documents identified herein should be maintained in confidence and not disclosed publicly.

  Please do not hesitate to contact me with any questions.

              Respectfully submitted,

              */s/ Brian A. Herman*

              Brian A. Herman