# Morgan Lewis

**Brian A. Herman**
Partner
+1.212.309.6909
brian.herman@morganlewis.com

August 4, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

> Third-party Respondents' motion to seal is GRANTED for substantially the reasons stated in this letter. The Clerk of Court is respectfully directed to maintain Dkt. Nos. 266, 267-1, 267-2, 267-3, 267-4, 268, 271 and 275 under seal, and to close the motion at Dkt. No. 277.  The Clerk of Court is respectfully directed to unseal Dkt. Nos. 267, 273, 273-1 and 273-2.
>
> Dated: August 14, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *Volino, et al. v. Progressive Cas. Ins. Co., et al.*, No. 1:21-cv-06243-LGS

Dear Judge Schofield:

We represent third-party subpoena respondents Mitchell International, Inc. ("Mitchell") and J.D. Power (together, "Third-Party Respondents") in connection with the above-referenced litigation. Pursuant to Rule I.D.3. of the Court's Individual Rules of Practice, the Stipulated Protective Order entered on October 21, 2021 (Dkt. No. 45) and modified on January 25, 2022 (Dkt. No. 77), and the Court's July 28, 2023 Order (Dkt. No. 276), Third-Party Respondents hereby move this Court to maintain under seal certain documents as described below.  This Letter Motion to Seal arises in connection with Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 266) and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 271).

Importantly, the Court recently held that Third-Party Respondents made the requisite showing to keep the redacted information contained within Defendants' and Plaintiffs' respective summary judgment motion under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  *See* 7/20/23 Seal Order, Dkt. No. 260 (granting Third-Party Respondents' 7/14/23 Letter Motion to Seal).  To the extent that the information subject to the Court's 6/30/23 Seal Order appears in Defendants' and Plaintiffs' respective oppositions and related filings, the Court should again order that such information remains sealed.[1]

For the Court's convenience, the information subject to the Court's 7/20/23 Seal Order is identified by red highlighting in the provisionally sealed exhibits attached hereto.  The remaining information identified by yellow highlighting in the provisionally sealed exhibits attached hereto and further discussed herein has not previously been made part of the public record in this case or any other case involving the same or similar parties and issues[2] and should be kept confidential for the

---

[1] Third-Party Respondents' 7/14/23 Letter Motion to Seal and the supporting declarations attached thereto as exhibits A, B, and C (Dkt. No. 258), are incorporated herein by reference and made a part hereof as if set out in full herein.

[2] In addition to this Court's Orders directing that J.D. Power and Mitchell's information be maintained under seal (*see* Dkt. Nos. 103, 120, 159, 179, 217, and 260), numerous other courts have ordered the same.  *See, e.g.*, *Freeman v. Progressive*, No. 1:21-cv-3798-DCC (D.S.C.); *Drummond v. Progressive*, No. 5:21-cv-4479-EGS (E.D. Pa.); *Brown v. Progressive*, No. 3:21-cv-175-TCB (N.D.

Morgan Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309.6000
✆ +1.212.309.6001

Hon. Lorna G. Schofield
August 4, 2023
Page 2

reasons articulated below, including that the documents meet the legal standard for filing sealed documents under *Lugosch*.

## I. The Parties' Seal Requests

The information that Third-Party Respondents seek to maintain under seal and a brief description of each are detailed in the chart below.[3] To streamline the Court's review of this Letter Motion to Seal, the information that is already subject to the Court's 7/20/23 Seal Order (identified by red highlighting in the provisionally sealed exhibits attached hereto) does not appear in the chart below.

| Dkt. No. | Document Title | Description |
|---|---|---|
| 266 | Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Defendants' Opposition") | Narrowly tailored redactions to pages 9-11 (attached hereto and filed provisionally under seal as **Exhibit A**). |
| 267-1 | Exhibit A to Brigman Declaration in Support of Defendants' Opposition | Narrowly tailored redactions to excerpts from the February 3, 2022 deposition of John Retton, Defendants' 30(b)(6) representative (attached hereto and filed provisionally under seal as **Exhibit B**). |
| 267-2 | Exhibit B to Brigman Declaration in Support of Defendants' Opposition | Narrowly tailored redactions to excerpts from the February 9, 2022 deposition of Philip Kroell, Mitchell's 30(b)(6) representative (attached hereto and filed provisionally under seal as **Exhibit C**). |
| 267-3 | Exhibit C to Brigman Declaration in Support of Defendants' Opposition | Narrowly tailored redactions to excerpts from the February 23, 2022 deposition of Blaine Bogus, J.D. Power's 30(b)(6) representative (attached hereto and filed provisionally under seal as **Exhibit D**). |
| 267-4 | Exhibit G to Brigman Declaration in Support of Defendants' Opposition | Sealing of Mitchell's confidential presentation materials directed to the New York Department of Financial Services (attached hereto and filed provisionally under seal as **Exhibit E**). |
| 268 | Defendants' Statement of Additional Material Facts ("Defendants' SAMF") | Narrowly tailored redactions to ¶¶ 1-6 of Defendants' SAMF (attached hereto and filed provisionally under seal as **Exhibit F**). |

---

Ga.); *Costello v. Mountain Laurel*, No. 2:22-cv-35-CRW (E.D. Tenn.); *Jones v. Progressive*, No. 2:22-cv-364-PP (E.D. Wis.); *Curran v. Progressive*, No. 1:22-cv-00878-NYW-MEH (D. Colo.); *Bartee v. Progressive*, No. 4:22-cv-342-MTS (E.D. Mo.); *Kroeger v. Progressive*, No. 4:22-cv-104-SHL-HCA (S.D. Iowa); *Ambrosio v. Progressive*, No. 2:22-cv-342-SMB (D. Ariz.).

[3] Third-Party Respondents do not seek to maintain under seal the Declaration of J. Matthew Brigman ("Brigman Declaration") (Dkt. No. 267), the Declaration of Lee Lowther in Support of Plaintiffs' Motion for Partial Summary Judgment ("Lowther Declaration") (Dkt. No. 273) and Exhibits 2 and 5 to Lowther Declaration (Dkt. Nos. 273-1 and 273-2).

| Dkt. No. | Document Title | Description |
|---|---|---|
| 271 | Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opposition") | Narrowly tailored redactions to pages 5, 7, 8, 10, 11, 13, 18, 20, 24, and 25 (attached hereto and filed provisionally under seal as **Exhibit G**). |
| 275 | Plaintiffs' Response to Defendants' Local Rule 56.1 Statement of Facts ("Plaintiffs' RSMF") | Narrowly tailored redactions to ¶¶ 20, 29-30, 32, 33, 103-06, 116, 117, 139-42, 145, and 146 of Plaintiffs' RSMF (attached hereto and filed provisionally under seal as **Exhibit H**). |

The documents listed above reference, discuss, and/or are derived from Mitchell's and J.D. Power's commercially sensitive and proprietary business information obtained from documents and 30(b)(6) deposition testimony pursuant to subpoenas and designated as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order. All involve Mitchell's and J.D. Power's commercially sensitive and proprietary business information produced pursuant to document production and deposition subpoenas. Third-Party Respondents request sealing only where absolutely necessary to protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors.

## II. Third-Party Respondents' Confidential and Highly Confidential Information Should Be Kept Confidential

While there is a presumptive right of public access to judicial documents, that right is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 425 U.S. 589, 599 (1978)). Indeed, even judicial documents may be kept under seal if "higher values . . . so demand." *Lugosch*, 435 F.3d at 124. As numerous courts in this Circuit have recognized, such values may include a business's interest in protecting confidential, sensitive, or proprietary information. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting issuance of protective order, for good cause, to precent disclosure of "a trade secret or other confidential research, development, or commercial information").

### B. Applying *Lugosch* Warrants Maintaining Confidentiality and Nondisclosure

The Second Circuit promulgated a three-part balancing test for courts to apply when determining whether material should be sealed. First, a court determines whether the documents are "judicial documents." *Lugosch*, 435 F.3d at 119. Second, it determines the weight of the presumption of access afforded to the documents. *Id.* Finally, a court must identify and weigh factors that legitimately counsel against public access. *Id.* at 120.

Third-Party Respondents do not dispute that the information they seek to seal is contained within "judicial documents" under the first prong of the sealing test. *See Google Digital Advertising Antitrust Litig.*, Nos. 21-md-3010, 21-cv-6841, 2021 WL 4848758, at *1 (S.D.N.Y. Oct. 15, 2021) (noting judicial documents include complaints). Accordingly, the public has a presumptive right of

access to the information at issue. *Mirlis*, 952 F.3d at 60. That presumption of public access, however, is overcome in the second and third prongs of the balancing test because disclosure of Third-Party Respondents' confidential and highly confidential information will not help the public understand this contract dispute between Plaintiffs and their insurer and will cause irreparable competitive harm to Third-Party Respondents.

### 1. Very Little Weight Is Due on the Presumption of Access

In the second prong of the sealing test, the court must determine the "weight of the presumption" of public access to the information in question. *See Lugosch*, 435 F.3d at 119. This lawsuit is, at its core, a straightforward dispute between Plaintiffs and their insurance company about whether Defendants paid the amount to which Plaintiffs claim they are entitled under the Progressive policy when their vehicles were deemed to be a total loss. Indeed, Progressive—without any involvement by Mitchell—allegedly used a Mitchell report in settling Plaintiffs' respective total loss claims. Viewed through this lens, the weight of the presumption of public access is weak.

### 2. Competitive Considerations Strongly Outweigh Presumptive Disclosure

The third prong of the sealing test weighs heavily in favor of maintaining confidentiality and nondisclosure of Third-Party Respondents' confidential and highly confidential information because the countervailing risk of competitive harm substantially outweighs any possible weight given to the presumption of public access. Third-Party Respondents propose sealing only where absolutely necessary to protect against disclosure of commercially sensitive and proprietary business information that would cause competitive harm to Mitchell and J.D. Power if disclosed to Progressive or Mitchell's competitors. Importantly, the information that Third-Party Respondents seek to redact consists of "trade secrets" that, if disclosed, will "provide valuable insights into [Mitchell's] and [J.D. Power's] current business practices that a competitor [could] seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing sealing); *see also Allegra v. Luxottica Retail N. Am.*, No. 17-CV-05216, 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (holding "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of the risk of competitive harm if disclosed).[4]

#### (i) Mitchell's Confidential Materials

First, Third-Party Respondents seek to preserve the confidentiality of competitively sensitive information about the methodology for the WorkCenter Total Loss software and the proprietary, highly confidential data and statistical methodology of J.D. Power to apply a Projected Sold

---

[4] *See also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE*, 769 F. Supp. 2d at 649-50 (allowing sealing of documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Hon. Lorna G. Schofield
August 4, 2023
Page 5

Adjustment ("PSA") to vehicle valuation reports, which are discussed through Defendants' Opposition (**Exhibit A**, Dkt. No. 266), Defendants' SAMF (**Exhibit F**, Dkt. No. 268), Plaintiffs' Opposition (**Exhibit G**, Dkt. No. 271), and Defendants' RSMF (**Exhibit H**, Dtk. No. 275).  If this information were disclosed, Mitchell's competitors would have a front-row seat into confidential operations and functionality of the WorkCenter Total Loss application and the PSA calculation, including, as one example, software programming and data processing.  *See, e.g.*, **Exhibit F** ¶¶ 1-6.  Third-Party Respondents have an important business interest in keeping this information confidential to sustain their businesses and the WorkCenter Total Loss product and, if made publicly available, competitive harm to Third-Party Respondents will undoubtedly result.  Kroell Decl. ¶ 13 (Dkt. No. 258-2); Testasecca Decl. ¶ 12 (Dkt. No. 258-3).

In addition, Third-Party Respondents seek to seal Mitchell's confidential presentation materials directed at the New York Department of Financial Services ("DFS") (**Exhibit E**, Dkt. No. 267-4).  This is a June 17, 2014, presentation by Mitchell to DFS concerning Mitchell's comparable vehicle database.  The presentation presents in painstaking detail the inner workings of the Mitchell's comparable vehicle database that are not known to the public or any of Mitchell's competitors.  Moreover, the presentation was not part of the initial approval process regulated by DFS but rather part of Mitchell's efforts to provide updates to the DFS regarding is software.  Indeed, Mitchell's WorkCenter Total Loss software has received DFS approval since 2008.

(ii)     J.D. Power's Proprietary Data

Third-Party Respondents also seek to redact excerpts of the parties' filings that include citations to, or calculations derived from J.D. Power's proprietary data, including Plaintiffs' expert's detailed analysis of and conclusions based on the proprietary data.  Such calculations and analysis appear throughout the parties' filings but are heavily featured in Plaintiffs' Opposition and Plaintiffs' RSMF.  *See, e.g.*, **Exhibit G** at pp. 5, 7, 8, 10, 11, 13, 14, and 16; **Exhibit H** at ¶¶ 20, 29, 32, 105, 106, 140, and 142.  Notably, neither Mitchell nor Mitchell's WorkCenter Total Loss insurance company customers (like Progressive) have access to the data that these calculations and data-driven opinions were derived from.  Kroell Decl. ¶ 10 (Dkt No. 258-2); Testasecca Decl. ¶ 9 (Dkt. No. 258-3).  The public disclosure of these calculations would harm Third-Party Respondents by providing their competitors with sensitive, non-public information about proprietary data transactions that underlie the PSA and, in turn, how Mitchell's proprietary WorkCenter Total Loss software operates.  *Id.*

(iii)    Deposition Testimony

Third-Party Respondents seek to seal transcript excerpts from the February 9, 2022 deposition of Philip Kroell, Mitchell's 30(b)(6) representative (**Exhibit C**, Dkt. No. 267-2) and the February 23, 2022 deposition of Blaine Bogus, J.D. Power's 30(b)(6) representative (**Exhibit D**, Dkt. No. 267-3).  Both depositions discuss competitively sensitive, non-public information about the PSA methodology and proprietary data underlying the PSA, Mitchell's proprietary WorkCenter Total Loss software, and the contents of Mitchell's confidential materials.  *See* Kroell Decl. ¶¶ 11, 12 (Dkt. No. 258-2); Testasecca Decl. ¶ 11 (Dkt. No. 258-3).  In particular, Mr. Kroell's deposition discusses the contents of a comprehensive guide to Mitchell's WorkCenter Total Loss software directed at its insurance customers, like Progressive.  Similarly, Mr. Bogus's deposition discusses J.D. Power's proprietary methodology for calculating the PSA and the proprietary data underlying the PSA, which J.D. Power produced pursuant to third-party subpoenas and labeled Highly Confidential – Outside Counsel's Eyes Only.  Taking one step further, Mr. Bogus's testimony affirmatively describes the proprietary data.

Hon. Lorna G. Schofield
August 4, 2023
Page 6

Third-Party Respondents possess a strong interest in preserving the confidentiality of this proprietary methodology to maintain a competitive hold on the software market for calculating the value of total loss vehicles.  Kroell Decl. ¶ 13 (Dkt. No. 258-2); Testasecca Decl. ¶ 12 (Dkt. No. 258-3).  *See also In re Zyprexa Injunction*, 474 F. Supp. 2d at 424-25.  Additionally, permitting public access to this information will give market-competitors an unfair advantage over Third-Party Respondents, who do not have access to a detailed manual of the methodologies employed by Mitchell's competitors (for example, CCC and Audatex) and would thus be prejudicial to Third-Party Respondents.  Kroell Decl. ¶¶ 10-12 (Dkt. No. 258-2); Testasecca Decl. ¶¶ 9-11 (Dkt. No. 258-3).

Third-Party Respondents also seek to seal transcript excerpts from the February 3, 2022 deposition of John Retton, Defendants' 30(b)(6) representative (**Exhibit B**, Dkt. No. 267-1) and the information derived from the excerpts that appears through the parties' opposition materials, for the same reasons discussed above.  Namely, that Mr. Retton's deposition concerns how Mitchell's proprietary WorkCenter Total Loss software operates, including internal settings and operational aspects of the software that only Mitchell's insurance customers are privy to.  Mr. Retton's deposition also discusses competitively sensitive, non-public business information regard J.D. Power/NADA product, which is not at issue in this litigation and thus there is no public interest in access.  Schutte Decl. ¶ 18 (Dkt. No. 258-1).  To allow this confidential information into the public record would only damage J.D. Power's NADA division, which is separate and apart, and indeed walled away, from the team that works on the WorkCenter Total Loss product.  *Id.*

Critically, the portions of each deposition identified for redactions by Third-Party Respondents have previously been maintained under seal in this case and numerous other cases.

+ + +

For all these reasons, Third-Party Respondents respectfully request that the Court issue a seal order granting their Letter Motion to Seal and directing that the documents identified herein should be maintained in confidence and not disclosed publicly.

Please do not hesitate to contact me with any questions.

Respectfully submitted,

*/s/ Brian A. Herman*

Brian A. Herman