UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DOMINICK VOLINO, et al.,                                    :
                                  Plaintiffs,               :
                                                            :
              -against-                                     :   21 Civ. 6243 (LGS)
                                                            :
PROGRESSIVE CASUALTY INSURANCE                              :
COMPANY, et al.,                                            :
                                  Defendants.               :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 30, 2024, Plaintiffs filed a motion to exclude the testimony of Marc Spizzirri and Dr. Jonathan Walker and a motion to seal portions of the papers filed in support of that motion. Dkt. 304.

WHEREAS, on May 3, 2024, Defendants filed a motion to exclude the testimony of Dr. Michelle Lacey and a motion to seal portions of the papers filed in support of that motion. Dkt. 312.

WHEREAS, on May 7, 2024, Defendants filed an omnibus motion in limine and a motion to seal portions of the papers filed in support of that motion. Dkt. 320.

WHEREAS, on May 17, 2024, Plaintiffs filed a response to Defendants' omnibus motion in limine and a motion to seal portions of the papers filed in support of that motion. Dkt. 338.

WHEREAS, on May 17, 2024, Defendants filed responses to Plaintiffs' motions in limine and a motion to seal portions of the papers filed in support of that motion. Dkt. 340.

WHEREAS, on June 7, 2024, Plaintiffs filed a response to Defendants' pretrial memorandum of law and a motion to seal portions of the papers filed in support of that motion. Dkt. 364.

WHEREAS, each motion to seal seeks to redact or seal in full materials that third-party

subpoena respondents Mitchell International, Inc. and J.D. Power (collectively, "Respondents") have designated as confidential or highly confidential pursuant to a stipulated protective order.

WHEREAS, all of the documents at issue are filed under seal because of Defendants' and Respondents' interest in confidentiality, and the arguments made in Defendants' May 3, 2024, and May 7, 2024, motions are applicable to all of the motions.

WHEREAS, the parties have informed the Court that they have reached a settlement in principle and thus all pending motions except these sealing motions have been denied as moot.

WHEREAS, a three-step inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). The first question is whether the document is "a judicial document subject to the [presumed] right of public access." *Lugosch*, 435 F.3d at 119.[1] If the document is not a judicial document, no right attaches, and the document should remain under seal. *See id.* If a document is a judicial document, "the court must next determine the particular weight of that presumption of access for the record at issue. Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*, 144 S. Ct. 827 (2024). "Examples of such countervailing values may include the protection of attorney-client privilege; the danger of impairing law enforcement or judicial efficiency; and the privacy interest of those who resist disclosure." *Id*.

WHEREAS, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v.*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *accord Olson*, 29 F.4th at 88. Instead, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. A document is "relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

WHEREAS, a determination of whether a record is a judicial document turns on the nature of court authority invoked by the parties. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the . . . court."). For example, motions submitted to the court "at least on their face, call upon the court to exercise its Article III powers." *Brown*, 929 F.3d at 50.

WHEREAS, "[e]ven assuming the motion[s] and attached materials in this case were 'judicial documents,' the presumption of public access is weaker because the motion[s] w[ere] denied as moot." *In re IBM Arb. Agreement Litig.*, 76 F.4th at 85. Where a motion is denied as moot, "[t]he confidential documents thus had no role in the exercise of Article III judicial power." *Id*.

WHEREAS, the presumption of public access is also weakened by the fact that the materials to be sealed relate to motions in limine and *Daubert* motions. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in

connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50.

WHEREAS, the parties have demonstrated that the privacy interests of both Respondents and Defendants in maintaining these materials under seal outweigh the weak presumption of public access to the materials. Maintaining the limited redactions sought by the parties and Respondents and maintaining several documents fully under seal is necessary to prevent the disclosure of confidential business information. As the Court has previously ruled with respect to similar materials in its March 22, 2023, Order, the confidential business information filed under seal here, such as Respondents' calculation methodologies and information concerning proprietary software, is competitively sensitive and may harm Defendants or Respondents if disclosed. It is hereby

**ORDERED** that the motions to seal at Dkt. Nos. 304, 312, 320, 338, 340, 349 and 364 are GRANTED.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 304, 312, 320, 338, 340, 349 and 364.

Dated: June 14, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**