# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINICK VOLINO, ET AL.,<br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL.,<br>Defendants.<br><br>-------------------------------------------------<br><br>MICHAEL VERARDO, ET AL.,<br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL.,<br>Defendants. | Civil Action No. 1:21-cv-6243-LGS<br><br><br><br><br><br><br><br>Civil Action No. 1:22-cv-01714-LGS |

## <u>SETTLEMENT AGREEMENT</u>

THIS SETTLEMENT AGREEMENT is made and entered into as of the 1st day of July, 2024 by and between Plaintiffs John Plotts, Zachary Goodier, James England, Kevin Lukasik, Lorenzo Costa, Michael Verardo, and Lori Lippa (collectively "Plaintiffs"), individually and on behalf of the Settlement Classes (defined below) and Defendants Progressive Casualty Insurance Company, Progressive Advanced Insurance Company, Progressive Max Insurance Company, and Progressive Specialty Insurance Company (together "Defendants" or "Progressive").

Plaintiffs, the Settlement Classes, and Defendants are referred to collectively as the "Parties" and individually as a "Party."[1]

WHEREAS, Plaintiffs allege in this Action that the total-loss software licensed by Defendants, Mitchell International, Inc.'s ("Mitchell") WorkCenter Total Loss ("WCTL"), applies an improper adjustment called the projected sold adjustment ("PSA") in settling total-loss claims, resulting in an underpayment of claims, breach of Defendants' New York automobile insurance policies and violation of GBL section 349;

WHEREAS, the Parties wish to resolve all claims asserted and all claims that could have been asserted in the Action concerning Progressive's use of the Mitchell WCTL software in settling total-loss claims;

WHEREAS, counsel for the Parties have engaged in arm's-length negotiations on the terms of this Agreement, as defined below, and this Agreement embodies all of the terms and conditions of this Settlement;

WHEREAS, Class Counsel has conducted investigation and completed discovery relating to the claims brought against Defendants, has analyzed the legal issues in this case, and has engaged in substantial motion practice and trial preparation over almost three years of litigation. Class Counsel believes that this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Classes and that this Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

WHEREAS, Defendants deny and continue to deny all material allegations in the Action and maintain they complied with the automobile insurance policies and all applicable laws. Still,

---

[1] All terms with initial capitalization shall have the meanings set forth in Paragraph 1 below or as otherwise defined herein.

without admitting liability or that the Action is suitable for class treatment other than in the settlement context, and without waiving any argument on liability or decertification, Defendants agree to enter into this Agreement to avoid the costs, expenses, and uncertainties of this complex litigation;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the Class claims be settled and compromised, and dismissed on the merits with prejudice, subject to the terms and conditions set forth herein and further subject to Court approval:

1. <u>Definitions</u>: The following terms shall have the following meanings for purposes of this Agreement.

    a. "Action" shall mean the consolidated actions captioned *Volino, et al. v. Progressive Casualty Ins. Co., et al.*, 1:21-cv-06243-LGS (S.D.N.Y.) and *Verardo, et al. v. Progressive Casualty Ins. Co., et al.*, 1:21-cv-1714-LGS (S.D.N.Y.).

    b. "Agreement" means this Settlement Agreement between the Parties.

    c. "Breach of Contract Class" is defined as all persons who made a first-party claim on a policy of insurance issued by any Progressive Group entity to a New York resident who, from July 28, 2015 through the date of Preliminary Approval, received compensation from one of the Defendants for the total loss of a covered vehicle, where that compensation was based on an Instant Report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

d. "GBL Class" is defined as all persons who made a claim on a policy of insurance issued by any Progressive Group entity to a New York resident who, from July 28, 2018 through the date of Preliminary Approval, received compensation from one of the Defendants for the total loss of a covered vehicle, where that compensation was based on an Instant Report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

e. "Settlement Classes" shall mean the Breach of Contract Class and the GBL Class.

f. "Class Action Complaint" shall mean the Consolidated Amended Complaint filed in the Action, and all amendments thereto.

g. "Class Counsel" shall mean the law firms Carney Bates & Pulliam, PLLC; Jacobson Phillips PLLC; Normand PLLC; Edelsberg Law, P.A.; Shamis & Gentile; and Bailey Glasser LLP.

h. "Breach of Contract Class Period" shall mean the period from July 28, 2015 through the date of Preliminary Approval.

i. "GBL Class Period" shall mean the period from July 28, 2018 through the date of Preliminary Approval.

j. "Court" means the United States District Court for the Southern District of New York.

k. "Defendants" shall mean Progressive Casualty Insurance Company, Progressive Advanced Insurance Company, Progressive Max Insurance

4

Company, and Progressive Specialty Insurance Company, and their current and former, direct and indirect, parents, subsidiaries, affiliates, insurers, directors, officers, shareholders, employees, agents and representatives.

l. "Escrow Account" means the escrow account established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation to receive and maintain funds contributed on behalf of Defendants for the benefit of the Settlement Classes. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

m. "Execution Date" means the date all Parties to this Agreement sign the Agreement.

n. "Final Approval" means an order and judgment by the Court which finally approves this Agreement and the Settlement pursuant to Federal Rule of Civil Procedure 23 and dismisses with prejudice the claims asserted against Defendants in the Action.

o. "Final Judgment" means the first date upon which both of the following conditions shall have been satisfied:

    i. Final Approval; and

    ii. Either (1) thirty days have passed from the date of Final Approval with no notice of appeal having been filed with the Court; or (2) Final Approval has been affirmed by a mandate issued by any reviewing court to which any appeal has been taken, and any further

petition for review (including certiorari) has been denied, and the time for any further appeal or review of Final Approval has expired.

p. "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing Class Notice, as defined below, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Classes, escrowing funds, and issuing and mailing payments.

q. "Preliminary Approval" means a ruling by the Court to preliminarily approve this Agreement and the Settlement pursuant to Federal Rule of Civil Procedure 23.

r. "Released Claims" shall have the meaning set forth in Paragraph 12 of this Agreement.

s. "Releasing Party" or "Releasing Parties" shall refer individually and collectively to the Settlement Classes and all members of the Settlement Classes, including the Plaintiffs, each on behalf of themselves and their respective predecessors and successors, agents, attorneys, insurers, heirs, executors, administrators, devisees, representatives; the assigns of all such persons or entities, as well as any person or entity acting on behalf of or through any of them in any capacity whatsoever, jointly and severally.

t. "Released Parties" means Progressive Casualty Insurance Company, Progressive Advanced Insurance Company, Progressive Max Insurance Company, Progressive Specialty Insurance Company and their current and

former, direct and indirect parents, subsidiaries, affiliates, insurers, directors, officers, shareholders, employees, agents and representatives (collectively, the "Progressive Group entities"). As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common ownership or control with, in whole or in part, any of the Released Parties.

u.   "Service Award" means compensation, approved by the Court, for the Plaintiffs for their time and effort undertaken in the Action, which will be paid from the Settlement Fund.

v.   "Settlement" means the settlement of this Action and the Released Claims (as defined herein) with respect to Defendants and the Released Parties, as set forth in this Agreement.

w.   "Settlement Administrator" means, subject to Court approval, Epiq Class Action and Claims Solutions, Inc.

x.   "Settlement Funds" means the payments required to be made by Defendants pursuant to this Agreement.

2.   <u>Litigation Standstill</u>. Upon execution of this Agreement, the Parties shall cease all litigation activities related to the prosecution or defense of the claims in this Action.

3.   <u>Motion for Preliminary Approval</u>. No later than July 1, 2024, Plaintiffs, through Class Counsel, shall submit to the Court a motion for Preliminary Approval of this Agreement. The Preliminary Approval motion shall include: (a) a proposed form of, method for, and date of dissemination of notice of this Settlement; (b) a proposed schedule for the filing of any motion for fees and expenses, the filing of a motion to approve finally this Agreement, and a fairness hearing; and (c) a

proposed form of order preliminarily approving this Agreement. The items referred to in clauses (a) through (c) above shall be proposed by Plaintiffs, through Class Counsel, subject to the agreement of Defendants, which agreement shall not be unreasonably withheld. The Parties shall take all reasonable actions as may be necessary to obtain Preliminary Approval of this Agreement.

4. <u>Class Notice</u>. After Preliminary Approval, and subject to approval by the Court of the means for dissemination of notice of this Settlement ("Class Notice"):

   a. As set forth in Paragraph 8 below, Defendants shall use their best efforts to provide the last known names, addresses, and email addresses of all known members of the Settlement Classes, or confirm that they have provided such information previously.

   b. Class Notice shall be provided in accordance with a notice plan, which shall be submitted to the Court for approval in connection with the motion for Preliminary Approval.

   c. After Final Judgment has been entered, and with Court approval, all Notice and Administrative Costs, including without limitation, costs and expenses associated with the Escrow Account, and the costs and expenses for filing of tax returns and payment of taxes, will be paid out of the Settlement Funds as specified in the Escrow Agreement. All expenses and costs incurred by the Settlement Classes and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Funds, as provided by an order of the Court. Defendants and the Released Parties shall not be liable for any costs, fees, or expenses of any of Plaintiffs' and Class Counsel's attorneys,

experts, advisors, agents, or representatives. All such costs, fees, and expenses shall be paid out of the Settlement Funds.

5. <u>Motion for Final Approval and Entry of Final Judgment</u>. If the Court grants Preliminary Approval of this Agreement, Plaintiffs, through Class Counsel, shall—in accordance with the schedule set forth in the Court's Preliminary Approval order—submit to the Court a separate motion for Final Approval of this Agreement by the Court. The motion for Final Approval shall seek entry of an order and Final Judgment:

   a. finally approving the Settlement as being a fair, reasonable, and adequate settlement for the Classes within the meaning of Federal Rule of Civil Procedure 23, and directing the implementation of the Settlement pursuant to the terms and conditions set forth in this Agreement;

   b. dismissing the Action, with prejudice;

   c. discharging and releasing the Released Parties from all Released Claims; and

   d. reserving continuing and exclusive jurisdiction over the Settlement for all purposes.

   e. The Final Approval of this Agreement, and the items referred to in subparagraphs (a) through (d) above shall be proposed by Plaintiffs, through Class Counsel, subject to the agreement of Defendants, which agreement shall not be unreasonably withheld. The Parties shall take all reasonable actions as may be necessary to obtain Final Approval of this Agreement.

6. <u>Escrow Account.</u> The Escrow Account will be established and shall be administered by Settlement Administrator under the Court's continuing supervision and control pursuant to the Escrow Agreement. Prior to Final Approval, no disbursements of funds from the Escrow Account will occur without order of the Court. Defendants shall have no role in, responsibility for, or liability associated with the Escrow Account.

7. <u>Settlement Consideration.</u> Subject to the provisions hereof, and in consideration of the Release of the Released Claims, Defendants agree to pay Forty-Eight Million Dollars ($48,000,000) into the Escrow Account not later than fifteen (15) business days after the Preliminary Approval. No additional payments will be made by Defendants to Plaintiffs or the Settlement Classes. The Settlement Funds represent all sums owed and payable by Defendants pursuant to this Agreement, including payment of damages, attorneys' fees, Service Awards, notice costs, costs of administration, and costs of any kind. The Parties agree and acknowledge that none of the Settlement Funds paid by or on behalf of Defendants under this Agreement shall be deemed to be, in any way, a penalty or a fine of any kind.

8. <u>Cooperation.</u> Defendants shall provide cooperation to the Settlement Classes through Class Counsel as specified below. Defendants shall have no other cooperation obligation under this Agreement, unless expressly stated in this Agreement.

    a. **Preliminary Approval**. The Parties agree to cooperate to the extent reasonably necessary in connection with Class Counsel's preparation of the

motion for Preliminary Approval and any related documents necessary to effectuate and implement the terms and conditions of this Agreement.

b. **Data for Class Notice**. Within fifteen (15) calendar days after the Preliminary Approval, Defendants shall supply to Class Counsel at Defendants' expense and in electronic format the last known names, addresses, and email addresses of known Class Members, or confirm that they have provided such information previously.

9. <u>Qualified Settlement Fund</u>. The Parties agree to treat the Settlement Funds as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 9, including the relation-back election (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Funds being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator shall timely and properly file all information and other tax returns necessary or advisable with respect to the

Settlement Funds (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Funds shall be paid out of the Settlement Funds. Defendants shall not be responsible for the filing or payment of any taxes or expenses connected to the Qualified Settlement Fund.

10. <u>Distribution of Settlement Funds to Settlement Classes.</u>

    a. Members of the Settlement Classes who have not timely and validly excluded themselves from the Classes shall be entitled solely to the Settlement Funds for settlement and satisfaction against Defendants for the Released Claims and shall not be entitled to any other payment or relief from Defendants or the Released Parties. Except as provided by order of the Court, no Settlement Class Member shall have any interest in the Settlement Funds or any portion thereof. Plaintiffs, Settlement Class Members, and Class Counsel will be reimbursed and indemnified solely out of the Settlement Funds for all expenses including, but not limited to, Notice and Administrative Costs. The Released Parties shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Settlement Classes' respective attorneys, experts, advisors, or representatives, but all such attorneys' fees, costs and expenses as approved by the Court shall be paid out of the Settlement Funds. If the Court grants Final Approval of this Agreement pursuant to the provisions Paragraph 5, Class Counsel, with Court approval, shall use the Settlement Funds to pay such attorney's fees, costs and expenses for the litigation of the Action as set forth in this Paragraph.

b. The remaining Settlement Funds (after payment of Notice and Administrative Costs approved by the Court, attorneys' fees and expenses award by the Court, and Service Awards awarded by the Court) shall be disbursed to the Settlement Classes as determined by Class Counsel, with Court approval. Class Counsel shall have sole discretion, among the Parties and their counsel, to develop the criteria for distribution of the Settlement Funds to be presented to the Court for approval. No portion of the Settlement Funds will revert to Defendants.

11. <u>Attorneys' Fees, Costs, and Service Awards</u>. Class Counsel's entitlement to an award of attorneys' fees, costs, and/or expenses, and Plaintiffs' entitlement to Service Awards for serving as the representatives of the Settlement Classes, will be determined by the Court.

a. Plaintiffs will file a motion with the Court prior to the hearing on Plaintiffs' motion for Final Approval of the Settlement requesting an award of attorneys' fees and a separate award of their out-of-pocket litigation expenses and costs. Such amounts shall be paid exclusively from, and not in addition to, the Settlement Fund. Plaintiffs will likewise file a motion with the Court prior to the Final Fairness hearing requesting a Service Award for each Plaintiff. The amount of any such Service Award shall be paid exclusively from, and not in addition to, the Settlement Fund. Should the Court award less than the amounts sought by Plaintiffs' and Class Counsel, the difference shall remain in the Settlement Fund for distribution to Settlement Class Members.

b. The Plaintiffs and Defendants will accept, and not appeal, the Court's rulings concerning attorneys' fees and Service Awards.

c. The procedure for and the denial or allowance by the Court of attorneys' fees and reimbursement of costs and expenses are considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the applications for attorneys' fees, reimbursement of costs and expenses, Service Awards, or any appeal from any order relating thereto or the reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Judgment approving the Agreement and the Settlement. No order of the Court or modification or reversal on appeal of any order of the Court concerning an award of attorneys' fees, costs and expenses, and service awards shall constitute grounds for cancellation or termination of this Agreement.

d. The Parties acknowledge and agree that an award of attorneys' fees, costs and expenses, and Service Awards shall be paid from the Settlement Fund within 20 calendar days of Final Approval and the Court's entry of a fee award.

12. Release. Upon Final Judgment and in consideration of payment of the Settlement Funds into the Escrow Account, and for other valuable consideration, the Released Parties shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected

to the Settlement or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that the Releasing Parties ever had, now have, or hereafter can, shall, or may ever have, that exist as of the date of Final Judgment, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the facts and circumstances alleged in the Action, including without limitation any claims arising out of Progressive's settlement of a total-loss claim ("Released Claims"). Notwithstanding the preceding, Released Claims shall not include any claims for personal injury, medical payment, uninsured motorist or underinsured motorist. Moreover, this release shall not impact the rights of any party in the settlement agreed to in *Buffington v. Progressive Advanced Insurance Co. et al.*, No. 20-cv-07408 (S.D.N.Y.). Nor shall this Release impact the claims being litigated in *Narcisse v. Progressive Casualty Insurance Company, et. al.,* No. 1:23-cv-04690-JGK (S.D.N.Y.). Following Final Judgment, as determined by the Court, all Releasing Parties shall be preliminarily enjoined and barred from asserting any Released Claims against any of the Released Parties. The release of the Released Claims will become effective as to all Releasing Parties upon Final Judgment. Upon Final Judgment, the Releasing Parties further agree that they will not file any other suit against the Released Parties arising out of or relating to the Released Claims.

13. <u>Further Release</u>.  In addition to the provisions of Paragraph 12, the Releasing Parties hereby expressly waive and release, solely with respect to the Released

Claims, upon Final Judgment, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 12, but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon Final Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to Paragraphs 12 and 13, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

14. <u>Effect of Disapproval</u>. If the Court does not grant Preliminary Approval of this Agreement in all material respects, or if the Court does not grant Final Approval as provided for in Paragraph 5, or if any Final Judgment approving this Agreement is materially modified or set aside on appeal, or if all of the conditions for Final Judgment do not occur as set forth in Paragraph 1(o) of this Agreement, then this Agreement may be cancelled and terminated. A Party must provide written notice of its intent to terminate this Agreement no later than ten (10) business days after

the mandate issues from the appeal that materially modifies or sets aside this Agreement. If cancelled and terminated, this Agreement shall become null and void, the Settlement Funds, net of expended or incurred escrow fees, taxes, and amounts expended or incurred for Class Notice and notice administration pursuant to approval by the Court (subject to a maximum of $150,000), shall be returned to Defendants within ten (10) days of such termination, the Parties shall be returned to their respective positions in the Action as if this Agreement had never been entered into without prejudice to any claims, rights or defenses of the Parties, and the Release (set forth in Paragraphs 12 and 13) shall be voided and shall be of no force or effect, any dismissal with prejudice of the Action or Final Judgment shall be of no force or effect, and the Plaintiffs (on behalf of the Certified Classes) shall be entitled to have any Final Judgment vacated and have their respective claims alleged in the Class Action Complaint reinstated as if they had never been dismissed or compromised, with all statutes of limitation deemed tolled between the time of dismissal and re-instatement, and without the need to re-serve any Defendant with process. The Parties and the Settlement Classes expressly reserve all of their rights if Final Judgment is not entered in accordance with the terms of this Agreement. For avoidance of doubt, if this Agreement is terminated pursuant to this Paragraph, all orders of the Court will be reinstated including the Court's orders on class certification (ECF No. 208) and on summary judgment (ECF No. 298).

15. <u>Consent to Jurisdiction</u>. The Parties and any Releasing Parties hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this

Agreement. Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Paragraph 12 or 13, including but not limited to, any suit, action, or proceeding in which the provisions of Paragraphs 12 or 13 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action, or proceeding arising out of or relating to this Agreement. In the event that the provisions of Paragraph 12 or 13 are asserted by any Released Party as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, it is hereby agreed that such Released Party shall be entitled to a stay of that suit, action, or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action, or proceeding, to the fullest extent that they may effectively do so under applicable law, the Parties and any Releasing Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the in *personam* jurisdiction of the Court. Nothing shall be construed as a submission to jurisdiction for any purpose other than enforcement of this Agreement.

Notwithstanding the foregoing, the Released Parties shall not assert the provisions of Paragraph 12 or 13 as a defense in whole or in part to any claim or cause of action asserted as of the date of this Agreement in *Narcisse v. Progressive Casualty Insurance Company, et. al.,* No. 1:23-cv-04690-JGK (S.D.N.Y.) or in *Buffington v. Progressive Advanced Insurance Co. et al.*, No. 20-cv-07408 (S.D.N.Y.).

16. <u>Class Action Fairness Act</u>. Defendants, at their sole expense, shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

17. <u>No Responsibility or Liability for Administration of Settlement Funds</u>. Defendants and the Released Parties shall have no responsibility or liability relating to the administration, investment, or distribution of the Settlement Funds.

18. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties, Class Members, the Releasing Parties, and the Released Parties. Without limiting the generality of the foregoing, upon Final Approval of the Settlement, each and every covenant and agreement herein by the Plaintiffs shall be binding upon all Class Members and Releasing Parties who have not validly excluded themselves from the Classes.

19. <u>Authorization to Enter this Agreement</u>.

    a. The undersigned representative of Defendants covenants and represents that he is fully authorized to enter into and to execute this Agreement on behalf of Defendants.

    b. Class Counsel represent that they are fully authorized to conduct settlement negotiations with defense counsel on behalf of the Plaintiffs and Classes and that they have been authorized by Plaintiffs to execute this Settlement Agreement.

    c. The Parties further acknowledge that this Agreement represents the entire agreement by and between them and that each makes no other

representation or warranty upon which the other can rely other than as stated herein.

20. <u>Notices</u>. All notices under this Agreement shall be in writing. Each such notice shall be given either by: (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express, UPS, or similar overnight courier, and, in the case of either (a), (b) or (c) shall be addressed, if directed to Plaintiffs or any Settlement Class Member, to:

> Hank Bates
> CARNEY BATES & PULLIAM, PLLC
> One Allied Drive, Suite 1400
> Little Rock, Arkansas 72202

Defendants, to:

> Jeffrey S. Cashdan
> King & Spalding LLP
> 1180 Peachtree St NE,
> Atlanta, GA 30309

or such other address as the Parties may designate, from time to time, by giving notice to all parties hereto in the manner described in this Paragraph.

21. <u>No Admission</u>. Whether or not Final Judgment is entered, or this Agreement is terminated, the Parties expressly agree that this Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or any of the Released Parties, or that the Action is suitable for class treatment. Nothing in this Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

22. <u>No Third-Party Beneficiaries</u>. No provision of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Released Party, Plaintiff, Settlement Class Member, or Class Counsel (on behalf of the Classes and with respect to fees and disbursements to be paid from the Settlement Funds pursuant to Court order).

23. <u>No Party is the Drafter</u>. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

24. <u>Choice of Law</u>.  All terms of this Agreement and the other documents contemplated herein shall be governed by and interpreted according to the substantive laws of the State of New York, without regard to its choice-of-law or conflict-of-laws principles.

25. <u>Amendment and Waiver</u>. This Agreement shall not be modified in any respect except by a writing executed by the Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party. The waiver by any Party of any particular breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous with this Agreement. This Agreement does not waive or otherwise limit the Parties' rights and remedies for any breach of this Agreement. Any breach of this Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law.  Accordingly, in addition to any other remedies and damages available, the Parties acknowledge and agree that

the Parties may immediately seek enforcement of this Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security.

26. Execution in Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Facsimile or Electronic Mail signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

27. Integrated Agreement. This Agreement comprises the entire agreement between the Parties and the terms of this Agreement are contractual and are not a mere recital. The Parties agree that this Agreement may be modified only by a written instrument signed by the Parties and that no Party will assert any claim against another based on any alleged agreement affecting or relating to the terms of this Agreement not in writing and signed by the Parties.

28. Voluntary Settlement. The Parties agree that this Agreement and the Settlement were negotiated in good faith by the Parties and reflect a Settlement that was reached voluntarily after consultation with competent counsel and the participation of neutral mediators.

29. Non-Disclosure. The Parties and their counsel will not affirmatively contact the news media, issue any press release, or hold press conferences in any media to publicize, promote, or characterize the Settlement.

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, enter into this Agreement on the date first above written.

Plaintiffs and the Settlement Classes:

_____

Hank Bates
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, Arkansas 72202

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE First Avenue, Suite 705
Miami, Florida 33132

Scott Edelsberg
EDELSBERG LAW, PA
20900 NE 30th Avenue, Suite 417
Aventura, Florida 33180

Edmund A. Normand
NORMAND PLLC
3165 McCrory Place, Suite 175
Orlando, Florida 32803

Jonathan R. Marshall
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301

Defendants:

_____

Jeffrey S. Cashdan
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309