# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINICK VOLINO, ET AL., <br> Plaintiff, <br><br><br> v. <br><br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL., <br> Defendants. <br><br> ------------------------------------------------- <br><br> MICHAEL VERARDO, ET AL., <br> Plaintiff, <br><br><br> v. <br><br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL., <br> Defendants. | Civil Action No. 1:21-cv-6243-LGS <br><br><br><br><br><br><br><br> Civil Action No. 1:22-cv-01714-LGS |

## <u>ORDER GRANTING</u>
## <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval

of Class Action Settlement (the "Motion"). The Motion attaches and incorporates (a) an Amended

Class Action Settlement Agreement (the "Settlement")[1] that sets forth the terms and conditions for

the settlement of claims, on a classwide basis, against Defendants Progressive Advanced Insurance

Company, Progressive Specialty Insurance Company, Progressive Max Insurance Company, and

---

[1] At the preliminary approval hearing on August 14, 2024, the Court asked the parties to change the class definitions from Breach of Contract Class and GBL Class to First Party Class and Third Party Class, respectively. The parties did so, and executed the Amended Settlement Agreement reflects that change. Other than these changes in class definitions, the terms are identical in substance to the Settlement Agreement filed with the Bates Declaration on July 1, 2024.

Progressive Casualty Insurance Company (collectively "Progressive" or "Defendants", and along with Plaintiffs, the "Parties"); (b) the Declaration of Hank Bates ("Bates Declaration") and exhibits thereto setting forth the proposed Notice Program and Plan of Allocation for the Distributable Settlement Amount to Settlement Class Members; and (c) the Declaration of Cameron Azizi describing Settlement Administrator's duties and the manner in which it will execute the Notice Plan.

Having carefully considered the Motion and the Settlement, and all of the files, records, and proceedings herein, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); that it likely will be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3); that the proposed plan of notice to the Settlement Classes is reasonably calculated to apprise Settlement Class Members of the nature of the action, the scope of the Settlement Classes, the terms of the Settlement Agreement, the rights of the Settlement Class Members to object and to opt out, and the Final Fairness Hearing; and that a hearing will be held after notice to the Settlement Classes to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a Judgment approving the Settlement and an order of dismissal of this action based upon the Settlement, **NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Classes described below.

## Preliminary Approval of Proposed Settlement

3. The Court finds that, subject to the Final Fairness Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Classes, especially considering the risks and delay of continued litigation. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of mediators Mark Helm and Niki Mendoza of Phillips ADR Enterprises, P.C; (b) is sufficient to warrant notice of the Settlement and the Final Fairness Hearing to the Settlement Classes; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants.

## Preliminary Certification of Settlement Classes

4. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and in accord with the Settlement Agreement and solely for purposes of judgment on the proposed Settlement, the Court preliminarily approves the following Settlement Classes:

> **First Party Class**: All persons who made a first-party claim on a policy of insurance issued by any Progressive Group entity to a New York resident who, from July 28, 2015 through the date of Preliminary Approval, received compensation from one of the Defendants for the total loss of a covered vehicle, where that compensation was based on an Instant Report prepared by Mitchell International, Inc. and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

> **Third Party Class**: All persons who made a third-party claim on a policy of insurance issued by any Progressive Group entity to a New York resident who, from July 28, 2018, through the date of Preliminary Approval, received compensation from one of the Defendants for the total loss of a covered vehicle, where that compensation was based on an Instant Report prepared by Mitchell and the actual cash value was decreased based upon Projected Sold Adjustments to the comparable vehicles used to determine actual cash value.

5. Excluded from the Settlement Classes are (1) any judge presiding over this Action and members of their families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which any Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees.

6. All persons who are members of the Settlement Classes are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7. For the same reasons previously articulated in this Court's Class Certification Order (ECF No. 208) and for purposes of effectuating the Settlement, the Court preliminarily finds that the Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Classes are likely comprised of tens of thousands of individuals; there are questions of law or fact common to the Settlement Classes (e.g., whether Progressive's application of PSAs resulted in paying class members less than "actual cash value" for their total loss claims); the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Classes. In addition, the Court preliminarily finds that the Settlement Classes satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3) for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 208) and for purposes of effectuating the Settlement: the common questions of law and fact predominate over individualized issues, and a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. Additionally, the Court finds that that each of the Settlement Classes is ascertainable.

8. Under Federal Rule of Civil Procedure 23, and for the same reasons previously articulated in this Court's Class Certification Order (ECF No. 208) and for purposes of effectuating the Settlement, Plaintiffs John Plotts, Zachary Goodier, James England, Kevin Lukasik, Lorenzo

Costa, Michael Verardo, and Lori Lippa are hereby appointed Settlement Class Representatives for the Settlement Classes and the following counsel are hereby re-appointed as Class Counsel for the Settlement Classes: Carney Bates & Pulliam, PLLC, Jacobson Phillips PLLC, Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, and Bailey Glasser LLP.

9. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel, and that Plaintiffs and Class Counsel will adequately protect the interests of the Settlement Classes defined above.

### Notice and Administration

10. The Court hereby approves Epiq Class Action and Claims Solutions, Inc. as the Settlement Administrator and directs Epiq to perform the functions and duties of the Settlement Administrator set forth in the Settlement and the Bates Declaration— including providing notice to the Settlement Classes—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the forms and methods of notice to the Settlement Classes as set forth in the Settlement and the Bates Declaration at paragraphs 2- and Exhibits 2-5. The Court finds that the Notice Program satisfies the requirements of due process and complies with Rule 23 of the Federal Rules of Civil Procedure. The Notice Program is reasonably calculated to apprise Settlement Class Members of the nature of this Action, the scope of the Settlement Classes, the terms of the Settlement Agreement, the rights of Settlement Class Members to object to or opt out of the Settlement and the process for doing so, and the date, time, and location of Final Fairness Hearing. The Court therefore approves the Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Court hereby approves the Notice Program and the form, content, and requirements of the Email Notice (attached to the Bates Declaration as Exhibit 2), the Mail Notice (attached to the Bates Declaration as Exhibit 3), the Long-Form Notice (attached to the Bates Declaration as Exhibit 4), and the Opt-Out Form (attached to the Bates Declaration as Exhibit 5) to be provided on the Settlement Website (collectively referred to as the Class Notices). The Parties, by agreement, may revise the Class Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

13. The Settlement Administrator shall cause the Notice Program to be executed within forty (40) calendar days following the entry of this Order (the "Settlement Notice Date"). Class Counsel, prior to the Final Fairness Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement.

**Requests for Exclusion, Objections, and Appearances**

14. Any Settlement Class Member who wishes to request to be excluded from the Settlement <u>must</u> send a written "Request for Exclusion" to the Settlement Administrator at the following address: *Volino v. Progressive* Settlement Administrator, P.O. Box 6366, Portland, OR 97228-6366. To be valid, the Request for Exclusion must be postmarked by November 19, 2024; must include the name and number of the case; must clearly state the Settlement Class Member's desire to be excluded from the Settlement Class, and include the Settlement Class Member's name, current address, telephone number, and the Settlement Class Member's signature.

15.   Settlement Class Members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Defendants.

16.  If a Request for Exclusion is <u>not</u> postmarked by November 19, 2024, it will be invalid and the Settlement Class Member will be included as a member of the Settlement Classes automatically and be bound by the terms of the Settlement and the Final Approval order and Final Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Defendants.

17.   The Settlement Administrator shall promptly provide all Parties with copies of any Request for Exclusion, and Plaintiffs and the Settlement Administrator shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Fairness Hearing.

18.   Any Settlement Class Member who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and litigation expenses, or to the service awards to the Class Representatives must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before November 19, 2024. Objections must contain all of the following information: (i) a caption or title that identifies it as "Objection to Class Settlement in Volino v. Progressive, Case No. 21 Civ. 6243 (LGS), (ii) the objector's full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Settlement Class Member and the basis of such legal entitlement; (iv) all grounds for the objection, including all evidence, citations to legal authority, and legal argument; (v) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (vi) the

objector's handwritten or electronically imaged written signature. If the objector wishes to appear at the Final Fairness Hearing either personally or through counsel who files an appearance with the Court in accordance with the Local Rules, the objector must indicate his or her intention on his or her written objection letter. If an objection does not contain all of this information, is mailed to the incorrect address, or is postmarked after November 19, 2024, the objection will be considered invalid and the objector will be deemed to have waived his or her objection.

19. If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

20. A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Fairness Hearing as set forth above may appear at the Final Fairness Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Fairness Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for service awards to the Class Representatives will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Fairness Hearing. No non-party will be heard at the Final Fairness Hearing.

21. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Fairness Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

### Final Fairness Hearing

22. The Final Fairness Hearing is hereby scheduled to be held before this Court on December 18, 2024 at 3:00 p.m. EST in Courtroom 1106 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007 for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met;

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered;

(d) to consider the application for an award of attorneys' fees and litigation expenses of Class Counsel;

(e) to consider the application for service awards to the Settlement Class Representatives; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. On or before thirty (30) days after the Settlement Notice Date, Class Counsel shall file papers in support of final approval of the Settlement and any application for attorneys' fees,

litigation expenses and service awards to the Settlement Class Representatives (collectively referred to as the "Motions"). Class Counsel may file a reply in support of their Motions and responding to any objection no later than fourteen (14) days before the Final Fairness Hearing.

24. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Classes. At, or following, the Final Fairness Hearing, the Court may enter a Final Approval order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

25. For clarity, the deadlines the Parties and members of the Settlement Classes shall adhere to are as follows:

## DEADLINES SUMMARY

- Deadline for Defendants to provide updated Settlement Class List to Epiq: September 5, 2024

- Settlement Notice Date (Class Notice Sent by): October 5, 2024;

- Motion for Final Approval and Application for Attorneys' Fees, Litigation Expenses, and Service Awards: November 4, 2024;

- Opt Out Deadline: November 19, 2024;

- Objection Deadline:  November 19, 2024;

- Any Reply or Response to Objections: December 3, 2024

- Final Fairness Hearing:  December 18, 2024

26. Settlement Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval.

## Further Matters

10

27. All discovery and other pretrial proceedings in the Action as between the Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement and this Order.

28. In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval order and Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims. This paragraph does not pertain to or include the claims being litigated in *Buffington v. Progressive Advanced Insurance Co. et al.*, No. 20-cv-07408 (S.D.N.Y.) or *Narcisse v. Progressive Casualty Insurance Company, et. al.,* No. 1:23-cv-04690-JGK (S.D.N.Y.).

29. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Defendants, which vigorously deny all the claims and allegations raised in the Action.

30. In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any Party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party

hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

31. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Classes.

32. Class Counsel shall not make the final distribution of remaining funds to Settlement Class Members described in paragraph 43 of the Bates Declaration without petitioning the Court for approval.

**IT IS SO ORDERED.**

DATED: August 20, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**