UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINICK VOLINO, ET AL.,<br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL.,<br>Defendants.<br><br>---------------------------------------------<br>MICHAEL VERARDO, ET AL.,<br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL.,<br>Defendants. | Civil Action No. 1:21-cv-6243-LGS<br><br><br><br><br><br><br><br>Civil Action No. 1:22-cv-01714-LGS |

## [PROPOSED] ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs and Defendants Progressive Advanced Insurance Company, Progressive Specialty Insurance Company, Progressive Max Insurance Company, and Progressive Casualty Insurance Company ("Progressive" or "Defendants", and along with Plaintiffs, the "Parties") entered into an Amended Class Action Settlement Agreement (the "Settlement"),[1] which

---

[1] At the preliminary approval hearing on August 14, 2024, the Court asked the Parties to change the class definitions from Breach of Contract Class and GBL Class to First Party Class and Third Party Class, respectively. The Parties did so and executed the Amended Settlement Agreement to reflect that change. Other than these changes in class definitions, the terms are identical in substance to the Settlement Agreement filed with the Bates Declaration on July 1, 2024.

1

provides that Defendants shall create a common fund of $48,000,000 (the "Settlement Fund") for the benefit of the Settlement Classes.

WHEREAS, on July 1, 2024, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 370) (the "Motion for Preliminary Approval"), along with the Declaration of Hank Bates (Doc. 371) ("Bates Declaration") and exhibits thereto setting forth the proposed Notice Program and Plan of Allocation for the Distributable Settlement Amount to Settlement Class Members and the Declaration of Cameron Azizi (Doc. 372) describing the Settlement Administrator's duties and the Notice Plan.

WHEREAS, on August 20, 2024, the Court entered an order granting preliminary approval of the Class Action Settlement (Doc. 380) (the "Preliminary Approval Order").

WHEREAS, on November 4, 2024, Plaintiffs filed a Motion for Final Approval of Class Action Settlement (Doc. 383). That same day, Plaintiffs also filed Plaintiffs' Petition for Attorneys' Fees, Expenses, and Service Awards (Doc. 385). Plaintiffs' Motions were unopposed and Defendants did not object to the requests for attorneys' fees, expenses, or service awards.

WHEREAS, on November 19, 2024, Class Counsel reported issues with the notice plan that resulted in some members of the class not receiving adequate notice. Class Counsel proposed, and the Court approved, a supplemental notice plan to address all deficiencies and extend the deadlines for objections and requests for exclusion until February 1, 2025.

WHEREAS, the Court held a fairness hearing on March 5, 2025.

Having carefully considered the Motion for Final Approval, the supporting memorandum of law and declarations, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and all files, records, and proceedings herein, including arguments set forth at the fairness hearing on the Settlement, and finding good cause,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the Settlement Class members.

### CERTIFICATION OF THE SETTLEMENT CLASS

3. The Court previously certified the Settlement Classes in its Preliminary Approval Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Settlement Classes for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

5. The Court confirms the appointments of Plaintiffs John Plotts, Zachary Goodier, James England, Kevin Lukasik, Lorenzo Costa, Michael Verardo, and Lori Lippa as Settlement Class Representatives for the Settlement Classes.

6. The Court confirms the appointments of Carney Bates & Pulliam, PLLC, Jacobson Phillips PLLC, Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, and Bailey Glasser LLP as Class Counsel.

### FINAL APPROVAL OF THE SETTLEMENT AND NOTICE PROGRAM

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the Settlement embodied in the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has

specifically considered all factors relevant to class settlement approval, including the factors set forth in Rule 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

8. The Court finds that the Settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations that were overseen by a neutral mediator and only after experienced counsel had thoroughly evaluated the merits of Plaintiffs' claims through factual and legal investigation and extensive litigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

9. The Settlement is also substantively fair. All the Grinnell factors, which provide the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds the Settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the late stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial and any appeal; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

10. The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of (a) the nature of the case; (b) the terms of the Settlement, including the definition of the Settlement Classes; (c) the procedure for objecting to or opting out of the Settlement; (d) that the Court will exclude from the Settlement Classes any Settlement Class Member who timely and validly

requests exclusion; (e) the time and manner for requesting such exclusion; (f) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (g) important dates in the settlement approval process, including the deadlines to request exclusion or object and the date of the Final Approval Hearing; (h) Class Counsel's request for an award of reasonable attorneys' fees, expenses, and service awards; and (i) the binding effect of a class judgment on Settlement Class Members.

11.     The Court also finds that the Settlement Class Members' reaction to the Settlement was positive. No Settlement Class Member objected to the Settlement, and only five Settlement Class Members have opted out.[2]

12.     The Court hereby reaffirms its appointment of the Settlement Administrator to perform the functions and duties of notice and settlement administration as set forth in the Settlement Agreement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

13.     The fourteen individuals identified in the Supplemental Declaration of Cameron Azari on Implementation and Adequacy of Settlement Notice Plan as having timely and validly requested exclusion from this Action and the Settlement Classes are, therefore, excluded. These individuals are not included in or bound by the Settlement or this Order. These individuals are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

---

[2] An additional nine individuals opted out from this Action before the Settlement in 2023 after receiving notice of class certification.

14. No objections were submitted to the Settlement Administrator or filed in this matter, and any objections to the Settlement Agreement are overruled and denied in all respects.

15. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

16. The Parties, without further approval from the Court, are hereby authorized to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

17. The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order, or the Settlement Agreement.

18. In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendant, less settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

19. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be

construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

## DISMISSAL AND FINAL JUDGMENT

20. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

21. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Class Members who did not timely exclude themselves from this Action or the Settlement Classes shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, continuing, pursuing, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against any Released Party based on the Released Claims.

22. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Agreement will be binding on and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties.

23. This Court hereby directs entry of this Order and Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

24. The Court's Order regarding Plaintiffs' Petition for Attorneys' Fees, Expenses, and Service Awards will issue in a separate order.

**IT IS SO ORDERED.**

DATED:  March 6, 2025
        New York, New York

                                                  **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**